Texas and Pacific Railway Co. v. Mary A. Cumpston et al.

Delivered February 27, 1897.

**1. Railway Company—Negligence—Failure to Provide Rules.**

Where a railway company's business is complex, as at its repair yards and shops, and it fails to provide proper rules and regulations for the safety of its employes working there, it will be liable for injury to them resulting from such failure.

**2. Same—Charge of Court.**

A charge which submits the test of the company's liability in such case (where a car repairer is injured by the movement of cars) without referring to its failure to provide any suitable rules for his protection, is properly refused.

**3. Same—Contributory Negligence.**

See the opinion for charge of court stating the rule as to contributory negligence by the employe and his fellow servants in such case, held not subject to objection on the part of the railway company.

**4. Same—Pleading—Specification of Needed Rules.**

It was not necessary for plaintiffs to show, either by the pleadings or evidence, exactly what rules and regulations should have been established, but only that proper rules and regulations should have been, and were not, provided. See the opinion for approved charge on this point.

Appeal from Harrison. Tried below before Hon. W. J. Graham.

*F. H. Prendergast,* for appellant.

*M. R. Geer* and *Pope & Lane,* for appellees.

LIGHTFOOT, Chief Justice.— *Conclusions.*—This is the second appeal of this case to this court. See Cumpston v. Texas & Pacific Railway Co., 33 S. W. Rep., 737, where the facts are fully set out and the questions of law discussed.

Appellees sue to recover damages on account of the negligent killing of Charles D. Cumpston, an employe of the defendant company, while such employe was engaged in repairing a car upon a repair track at Marshall. There was a verdict and judgment for plaintiffs below, and we conclude that up to July 1, 1890, Charles D. Cumpston was in the employ of the appellant company, working as car repairer in its shops at Marshall. On that day he was sent by his employer to repair cars on the repair track, which was the first time he had worked there. The company had a number of tracks at that place, and had car repairing shops and car repairing sheds. It had side tracks and switches and its lead track on which engines were running. In order to repair the cars on the repair track it was necessary for the deceased and those sent with him to separate the cars so as to get between them and do the required work. They were box cars. Burnett and Boyett and Cumpston moved the two east cars about four feet to the east, thus separating them from the other cars. Boyett got on the top of the car to set the brake, and Burnett and Cumpston pushed the car. Boyett then got down from the car and placed a piece of timber under the southeast

wheel to prevent it from moving further east, and looked to see if the car was clear of the lead track, and supposed that it was. The three men then went to work repairing the cars. Burnett and Boyett were in between the second and third car from the east end, at their work repairing it, when the switch engine coming from the east along the lead track struck the first car from the east, knocked it against the second car, and knocked the second car against the third, mashing Cumpston between the second and third car, and killing him.

At the time appellant had no proper rules or regulations fixing the distance from the lead track that a car could be placed with safety on the repair track, or providing for the safety of its employes while working on cars on the repair track, although the complex nature of appellant's business at that point required such rules, and it could easily have provided them. The failure of appellant to provide such rules and regulations was negligence which caused the death of decedent, without fault or contributory negligence on his part.

Appellees are the widow and children of the deceased, and have been damaged by reason of such killing in the sum found by the verdict and judgment below. The facts proved are substantially the same as those set out in our former opinion (33 S. W. Rep., 737), to which we refer, except that it was more clearly shown that it was practicable for the company to have provided reasonable rules and regulations for the protection of decedent, which it failed to do.

We find as a conclusion from the above facts, that the complex business of appellant at the time and place referred to having required definite rules and regulations for the safety and protection of its employes, and that having failed to use the reasonable and necessary means to protect the deceased from the danger which caused his death, the company is liable for the damages therefor, as found by the verdict and judgment.

1. Under the facts proved the court did not err in refusing to instruct the jury to find a verdict for appellant, as complained of under the first assignment of error.

2. Under the second and third assignments of error appellant complains that the court refused to give to the jury its second and third special charges as requested, which sought to charge the jury, in effect, that if the deceased and his co-laborers on the repair track, in separating the cars, moved a part of them so near the lead track that they were struck by an engine passing on the lead track, and thus caused the death of Cumpston, then plaintiffs cannot recover. The charges were properly refused, as they excluded the entire question of the duty of the appellant to provide reasonable regulations for the safety of its employes.

3. Under the fourth assignment of error complaint is made at the charge of the court, to the effect that the company would not be liable if Cumpston and his co-laborers failed to use ordinary care in placing the cars.

T. & P. Ry. Co. v. Cumpston.  495

This charge was in appellant's favor, and was perfectly clear and full. It was as follows: "Again, though it should appear from the evidence that defendant had failed to peform the duty hereinbefore defined, and that as a consequence, its employes engaged as deceased was at the time of the accident, were left unprotected and exposed to danger, still, if it should appear that deceased knew this, or by the exercise of ordinary care might have known it, and still continued in said employment, exposed to such danger, then plaintiffs cannot recover. He would be required to use ordinary care for his own protection. In this connection you are instructed that if the cars were placed upon a table or repair track for the purpose of being repaired, and that the deceased and one Burnett and Boyett separated said cars for the purpose of repairing them, and placed them in position on said track near enough to an adjacent track to be struck by a passing engine, and in so separating and placing said cars, the deceased, or Burnett or Boyett, failed to exercise that degree of care that a reasonably prudent person situated as they were at the time would reasonably be expected to exercise for his protection, and that such failure on the part of either deceased, Burnett or Boyett, or all of them, caused the death of the deceased or contributed thereto, then the plaintiffs cannot recover, and that without regard to whether the defendant had failed to perform the duties required of it or not; and if you believe that the deceased came to his death under these circumstances, then you will find for the defendant. "If the deceased came to his death by a failure on the part of either Boyett or Burnett in separating the cars and placing them, to use that degree of care just before referred to, or if such failure contributed to his death, then it is immaterial whether deceased knew or not that they or either of them had failed to exercise such care; their negligence or the negligence of either of them would be the negligence of the deceased, which would prevent a recovery by the plaintiffs." We find no error in this charge of which appellant can complain.

4. The fifth assignment is as follows: "The court erred in charging the jury that defendant would be liable if it did not establish rules and regulations to protect its employes. This was error because there was no pleading nor evidence showing what rules and regulations should have been established."

It was not necessary for appellees to show either by their pleading or evidence, exactly what rules and regulations should have been established. The pleading and testimony were amply sufficient to show that proper rules and regulations should have been provided, that it was practicable, and that they were not provided. The evidence indicates that the company did not use ordinary care for the protection of its employes; but negligently left them in a dangerous place, without proper regulations for their safety. The charge of the court upon the subject was certainly all that appellant could have asked. It was as follows:

"You are instructed that it is the duty of all railroad companies, for the protection of their employes, to provide them with reasonably safe

and suitable places to perform their duties, and also to adopt reasonable regulations, rules or methods for conducting their business, such as will, if properly pursued and carried into effect, afford reasonable safety to its employes in the discharge of their duties, against extraordinary or unnecessary dangers. When the company has done this, it is not responsible for an injury that may happen to any one of its employes by the failure of another to perform properly a duty resting upon him under such rules and regulations. The company is not held, however, to insure the safety of its employes, but only to use reasonable diligence, care and foresight in so providing rules and usages for the doing of its business as to afford reasonable means of protection to its employes against unnecessary and unreasonable danger.

"Therefore, if you find from the evidence that said Charles D. Cumpston came to his death while in the defendant's employment, and that defendant failed to exercise reasonable care and foresight in establishing regulations or methods for the protection of its employes engaged as deceased was, and had failed to provide such reasonable means of protection as is above defined, and that by reason of such failure deceased was injured, and that he would not have received his injury but for such failure of duty on the defendant's part, you will find for plaintiffs, unless you should find that they are precluded from a recovery under the evidence and the instructions hereinafter given you."

"If the defendant had established such reasonable rules, regulations or methods, as hereinbefore defined, for the carrying on of that branch of its business in which deceased was engaged at the time he received his injury, then plaintiffs cannot recover."

In addition to the above, the court gave the fifth and sixth special instructions on that subject asked by appellant, as follows:

"The railway company did not owe Cumpston the duty of furnishing him an absolutely safe place to work, but owed him the duty to use ordinary care in providing a place that is safe for him to work."

"A railway company in making rules and regulations to govern persons in their employ and insure their safety, is only bound to use ordinary care in providing said rules. That is, it must use the care that an ordinarily prudent person would use under the same circumstances."

The fifth assignment of error is not well taken.

5. The sixth, seventh and eighth assignments of error are, that the court erred in refusing to grant a new trial. No good reason was shown for granting a new trial. The case was fairly tried, and the verdict and judgment are fully sustained by the evidence.

We find no error in the judgment, and it is affirmed.

*Affirmed.*