# CHARLESTON

ROBINSON *v.* CITY & ELM GROVE RAILROAD Co.

Submitted January 21, 1911.    Decided December 10, 1912.

MASTER AND SERVANT—*Injuries to Servant—Rules for Work.*

    A railway company is bound to adopt, promulgate, and enforce rules reasonably protecting its servants from the dangers of the hazardous service, arising from negligence of fellow servants or otherwise, and where its failure to do so results in injury to a servant, it may be made to respond in damages therefor.

Error to Circuit Court, Ohio County.

Action by J. J. Robinson against the City & Elm Grove Railroad Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Russell & Russell,* for plaintiff in error.

*D. A. McKee* and *J. B. Sommerville,* for defendant in error.

ROBINSON, JUDGE:

Plaintiff, a motorman on the railway of defendant company, was injured by a collision of the interurban passenger car he was running, with a work car which was allowed to stand in his way on the track.  On defendant's demurrer to the evidence, plaintiff has judgment, and defendant seeks reversal.

The criticism of the declaration is not well taken.  The demurrer to that pleading was properly overruled.

The assignment that the court erred in not sustaining defendant's motion to exclude plaintiff's evidence is settled by the following: "The defendant can take no advantage of a motion to exclude the plaintiff's evidence if he introduces evidence after the motion is overruled."  *Ewart* v. *New River Fuel Co.,* 68 W. Va. 10.

Nor can we sustain the assignment that the court erred in overruling defendant's demurrer to the evidence and in entering judgment for the damages found by the jury.  A verdict for plaintiff found by the jury on the evidence in the case could not properly have been disturbed by the court.  Therefore, the demurrer to the evidence was not sustainable.  *Dempsey* v. *Railway Co.,* 69 W. Va. 271.  From the evidence a jury could well find that negligence on the part of defendant caused plaintiff's injury, and that plaintiff did not contribute thereto.  Many facts and circumstances appear to support such a finding.  A jury could properly find that defendant had not adopted and promulgated any rule or instruction making it the duty of some employee in connection with the work car to go far enough into the dense fog of the early morning, in which the work car was left standing on the track in the way of the passenger car, to warn the motorman of the danger in time to stop.  It appears that no one on the car had been assigned to such duty.  That work car was on the track at the instance of defendant.  It had not been taken there voluntarily by the motorman in charge of it—a fellow servant of plaintiff.  It was where defendant company had directed it.  And when the company directed the

car there, the law enjoined a duty on the company reasonably to guard those who might be injured by its being there. The company was chargeable with the care, precaution, and diligence which the circumstances justly demanded. The circumstances of this work car on the main track, on a morning when the fog was so dense that a motorman could not see a distance in which he could stop his car, at a time when the approach of the passenger car was in reason to be anticipated, surely demanded the precaution to have a flagman whose instructed duty it should be to give warning of the danger. But a warranted finding from the evidence is that the company failed to provide such flagman, reasonably required by the danger which it established, and had no rule or instruction to those in charge of the work car reasonably safeguarding against the danger.

Defendant's superintendent testified that plaintiff had been instructed to look out for the work car. The testimony on this point is conflicting. A jury could find that plaintiff had not been instructed—that he did not neglect instructions in that regard. Then, it is said that plaintiff knew that the construction work was in progress and that the work car was often on his track. But plaintiff did not know that the work car would be left standing without notice to him in the fog where he could not see it in time to avoid the danger, nor was he bound under the circumstances to anticipate that it would be negligently left unguarded on the track without rule or instruction to warn him of its presence there.

It is submitted that the evidence shows that the negligence which caused plaintiff's injury was that of his fellow servant, the motorman of the work car, who should have given him warning in time to stop. Though it does appear that the fellow servant did not exercise reasonable care under the circumstances, this can not excuse the company from its own neglect to provide and enforce suitable rules and regulations for the dangerous situation so as to protect plaintiff from the neglect of his fellow servant. One of the dangers of railroad service to be guarded against by the rules and regulations which the law demands is negligence of fellow servants. 4 Thompson on Negligence, sec. 4169. If the company had adopted and promulgated such rules and the fellow servant had then neglected to obey them to plain-

tiff's injury, the case would be different. Patterson on Railway Accident Law 316.

By all authority it is the duty of a railway company to establish proper rules and regulations for its hazardous service, so as reasonably thereby to protect its servants from all anticipated dangers. Failure to observe this duty is negligence. If neglect of the duty causes injury to one to whom the duty is owed, the railway company must answer in damages. The very nature of railroad service calls for such reasonable precaution against the dangers thereof. The company has not exercised reasonable care to provide a safe place for the work of its servants until rules and regulations fitting for protection in the premises have been adopted and promulgated. "The measure of the duty of a master to his servant is reasonable care, in view of the situation of the parties, the relations they have established, the nature of the business in which the servant is employed, the character of the machinery and appliances used, the surrounding circumstances and conditions and the exigencies which require vigilance and attention." *Fulton* v. *The Crosby & Beckley Co.,* 57 W. Va. 91.

The case before us, viewed on the demurrer to the evidence, establishes that plaintiff's injury was caused by the failure of defendant to fulfill its duty toward plaintiff by adopting and promulgating a rule safeguarding against the danger of leaving a car on the track in the way of plaintiff's run. The case establishes that if defendant company had adopted, promulgated, and enforced a rule making it the duty of an employee on the work car to flag passenger cars when the work car was in their way, the collision that brought injury to plaintiff would not have happened. Defendant is shown not to have exercised the reasonable care that the law requires in the adoption of rules and regulations. It was negligent in not having some rule, general or otherwise, that would have protected plaintiff. It did not do all that the law required it to do toward affording him a safe place to work. We find the case determinable by this established principle: "Is the duty of the master engaged in such a complex and hazardous business as operating a railroad to adopt and promulgate definite and suitable rules or regulations for the

protection of its servants." 4 Thompson on Negligence, sec.
4170; 3 Elliott on Railroads, sec. 1280.

There is no error. The judgment will be affirmed.

*Affirmed.*