# CHARLESTON.

### FERGUSON *v*. GLADY FORK LUMBER Co.

Submitted September 12, 1911.    Decided April 15, 1913.

1. MASTER AND SERVANT—*Duty of Master—Superintendence.*
   The master is not bound to be present at all times to superintend the work and give directions to his employees, but may employ a foreman for that purpose.    (p. 280).

2. SAME—*Injury to Servant—Negligence of Foreman.*
   The master's liability for injury to his servant, resulting from the negligence of his foreman in charge of the work, depends upon whether the negligent act relates to a non-assignable duty of the master.    (p. 280).

3. SAME—*Injury to Servant—Negligence of Foreman—Non-Assignable Duty.*
   A case in which the master is held not liable for the negligence of its foreman, which caused plaintiff's injury, on the ground that the negligence was one of the risks which plaintiff had assumed, and did not relate to the master's non-assignable duty.    (p. 281).

Error to Circuit Court, Randolph County.

Action by Andrew Ferguson against the Glady Fork Lumber Company.    Judgment for plaintiff, and defendant brings error.

*Reversed and Judgment Entered Here.*

*Talbott & Hoover*, for plaintiff in error.

*J. L. Wamsley* and *W. E. Baker*, for defendant in error.

WILLIAMS, JUDGE:

Writ of error to a judgment of the circuit court of Randolph county in favor of plaintiff for $3,000, in an action of trespass on the case for damages on account of a personal injury alleged to have been caused by defendant's negligence.

Defendant was the owner of a large sawmill and lumbering plant, and in connection therewith operated its own private railroads, logging cars and engines, for the handling of its logs and lumber.    There was a sidetrack, or switch, connecting with its main line, upon which cars were placed for repairs.    Plaintiff

was employed as a day laborer upon the mill yard, and, at the time of his injury, was assisting Mr. Hamner the blacksmith to put a draw-head in one of the cars, having been directed to do so by S. V. Poling, the yard foreman. There were two or three other cars on the siding, between the broken car and the switch. Sometime in the afternoon Mr. Poling went to the siding where the men were at work, and asked Mr. Hamner if he could complete the repairs that evening, stating he would like to put plaintiff on another job on Monday morning. This was on a Saturday. Mr. Hamner replied that he could finish by working a little over time that evening, and told Mr. Poling to see the engineer and tell him not to back the engine in on the switch while they were at work, and he said he would do so. This conversation was in the presence and hearing of plaintiff, and he was thereby informed that the engine was liable to be run on to the switch against the cars. Poling neglected to warn the engineer, and the engine was backed upon the switch, shoving the loose cars against the one on which plaintiff and the blacksmith were working, breaking plaintiff's leg and otherwise injuring him. It is shown that Poling actually forgot that the men were at work on the car, and was acting as fireman on the engine at the time of the accident, threw the switch and signaled to the engineer to back onto the siding. These facts are fully proven, and are not denied. Defendant offered no proof, but rested its case upon a demurrer to plaintiff's evidence. The court overruled the demurrer and rendered judgment for the damages assessed by the jury.

The case turns upon the answer to this question: Was Poling, the yard foreman, whose negligence was the proximate cause of plaintiff's injury, a vice-principal, in respect to the negligent act; or merely a fellow servant? Plaintiff's counsel assume, in their brief, that, because Poling was foreman and had authority to direct the movements of the men under him, he was, therefore, a vice-principal. But that does not necessarily follow. The law is, as recognized by this court, the courts of the United States and of most of the states, that the liability of the master for injury to the servant, depends upon whether the negligent act relates to a duty which the master is bound to perform, and not upon the superior position of the negligent servant. If the negligence causing the injury respects a duty which the master owes to his servant, the master is liable, whether the negligence be

that of a superior, or of an inferior servant. All persons engaged in the performance of the same general work, although working in different grades or departments, are fellow servants, notwithstanding one of them may be a foreman over the others.

The law does not impose upon the master a duty to be present always, to give personal supervision to the work and directions to his servants. But it enjoins upon him certain other duties. He is bound to use reasonable care to provide his servants a reasonably safe place in which, and with reasonably safe machinery and appliances with which to work. He must exercise reasonable care in the selection of competent servants; and, if the work is so complicated and classified that dangers incident to the performance of it can not reasonably be anticipated and guarded against by the servants, he must establish reasonable rules for their protection. Having performed his duty in these respects the law discharges the master from liability for injury to the servant, resulting from the employment. The servant assumes such risks as are incident to the nature of the employment, whether on account of accident or negligence of a fellow servant. Plaintiff does not allege that defendant was negligent in the selection of its foreman, or its laborers, or that it failed to formulate rules regulating the manner of carrying on the work, (even if such rules in this case were necessary,) or that the place, or the appliances were unsafe. The only negligence averred is the act of backing the engine against the cars on the switch. That the foreman's negligence was the proximate cause of plaintiff's injury is fully proven. But his negligence, in respect to that act, is not the negligence of defendant. Before we could attribute his negligence to it, we would have to say that it was its duty to be present all the time, to superintend and direct the movements of its men; and that is not the law. Defendant's foreman is not its *alter ego*, or vice-principal, for all purposes. He is such only in respect to the performance of those duties which the company owes its servants. If injury result from his negligence in the performance of those duties, then the master is liable; and in respect to such non-assignable duties, the same rule respecting the master's liability applies, whether the negligence be that of a foreman or of his subordinate. Acts, relating to his duties, can not be delegated by the master, so as to escape liability for negligence in the doing of them. And, on the other hand, if

the negligence which is the approximate cause of the injury, does not relate to the master's duty to his servants, he is not liable, even though the negligence be that of a superior servant. The master's liability is determined by the nature of the negligent act, and not by the grade, or position, of the servant who committed i.t This proposition has been so frequently asserted and discussed in former decisions by this court that we deem it unnecessary to elaborate further upon it in this opinion. We dealt with it in the recent case .of *Miller* v. *Limestone Co.*, 70 W. Va. 644; and we refer to the discussion there as being equally applicable to the facts in this case. See also, the following authorities, most of which are cited in the opinion in that case: 2 Labatt on Master and Servant 508; *Jackson* v. *Railroad Co.*, 43 W. Va. 380; *Knicely* v. *Railroad Co.*, 64 W. Va. 278; *Unfried* v. *Railroad Co.*, 34 W. Va. 260; *New England Railroad Co.* v. *Conroy, Adm'r.*, 175 U. S. 323; *Durst* v. *Steel Co.*, 173 Pa. St. 162; *Mielke* v. *Railroad Co.*, (Wis.) 79 N. W. 22; *Fraser* v. *Lumber Co.*, (Minn.) 47 N. W. 785; *McGinty* v. *Reservoir Co.*, (Mass.) 29 N. E. 510.

Plaintiff was aware of his danger. He knew that, if the engine was allowed to back against the cars, while he and the blacksmith were at work on one of them, he was liable to be injured; he also knew that the engine would be backed onto the switch at quitting time, if Poling did not notify the engineer of their presence, and he assumed the risk of Poling's possible failure to do so. Poling's promise to the blacksmith, in the presence of plaintiff, that he would see the engineer and direct him not to back the engine on the switch while they were working on the car, was his personal undertaking for their safety, not an undertaking for defendant, and plaintiff trusted him to perform it. The negligent act was not in respect to a duty which the law imposes on the master, and hence defendant is not liable. Poling's promise to notify the engineer, and thereby prevent what all realized was certain to happen if he was not notified, was an undertaking by one fellow servant on behalf of another, and his neglect to perform it can not be attributed to defendant. The evidence wholly fails to prove any negligence on its part. Plaintiff's injury was severe and his misfortune is regretable, he seems to have been guilty of no negligence himself. But, in view of the evidence,

there is no principle of law which justifies the judgment in his favor, and we are, therefore, compelled to reverse it, set aside the verdict, and, the case having been submitted on a demurrer to the evidence, render final judgment here for defendant.

*Reversed and Judgment Entered Here.*

NOTE BY MILLER, JUDGE:   ROBINSON, JUDGE, *(concurring)*:

I question the correctness of this decision.   Plaintiff was injured while at work on a car standing on a track at the repair shop, a part of the plant where he was employed to work.   True, in this instance, plaintiff may have relied on the promise of a fellow servant to see to it that the engine was not shifted onto this track while he was at work there; but was defendant not negligent in not providing against such injuries by establishing proper rules and regulations for moving engines and cars on that track to avoid such accidents?   A rule that engines and cars should not be thrown upon that track without proper signals or warnings would no doubt have avoided the injury of which plaintiff complains.   I see little room for differentiating this case from *Robinson* v. *City and Elm Grove Railroad Co.*, 71 W. Va. 423, 76 S. E. 851, recently decided.   In that case defendant was held liable for injury to an employee for failure to so render his place of employment safe.   The case is a close one I admit, but if uninfluenced by the opinion of my associates, I stood alone, I am inclined to think I would have reached a different conclusion.