# CHARLESTON

## GALLIK v. WHEELING STEEL & IRON CO.

Submitted January 19, 1915.   Decided January 26, 1915.

1. MASTER AND SERVANT—*Injury to Servant—Declaration—Sufficiency Against Demurrer—Safe-Guarding Machinery.*

   A declaration for personal injuries sustained, due to the alleged negligence of the master to comply with the provisions of section 59, chapter 15H, Code 1913, requiring machinery, etc., to be safely and securely guarded when possible, or if not possible that notice thereof be posted, etc., which fails to allege that plaintiff's employment required him to go upon the particular machine where he sustained his injuries while the same was in motion; and that it was possible to so safely and securely guard the shafts, cogwheels and other parts, which caused his injuries, or that no notice of the dangers there-

from was conspicuously posted as provided by the statute, is bad on demurrer. (p. 535).

2.  SAME—*Injury to Servant—Declaration—Sufficiency Against Demurrer.*

    A count in such declaration charging negligence generally of the master in failing to adopt and promulgate proper rules for the conduct of his business, and to provide for the safety of his servants, and which avers specially the negligence of the master in failing to promulgate proper rules for stopping and starting of machinery, and forbidding and prohibiting the sudden starting thereof while belts were being removed, repaired and replaced thereon, is good on demurrer, and such demurrer should be overruled. (p. 535).

3.  SAME—*Injury to Servant—Negligence of Fellow Servant—Liability of Master.*

    The principles of non-liability of master for injuries sustained by the negligence of a fellow servant, enunciated in *Jackson* v. *Norfolk & W. R. Co.*, 43 W. Va. 380, and subsequent cases, re-affirmed and applied to the facts presented by the record of this case. (p. 537).

(ROBINSON, PRESIDENT, dissenting in part.)

Error to Circuit Court, Marshall County.

Action by Raphael Gallik against the Wheeling Steel & Iron Company. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*D. B. Evans,* and *Martin Brown,* for plaintiff in error.

*Hubbard & Hubbard,* for defendant in error.

MILLER, JUDGE:

In an action for personal injuries the judgment complained of set aside the verdict in favor of plaintiff for $11,458.33, and awarded defendant a new trial.

The first point of error is that the court below erroneously sustained defendant's demurrer to the third count of the declaration. This count is predicated on the duty imposed by section 59, chapter 15H, Code 1913, on the owner or master of "all manufacturing, mechanical and other establishments, in this State, where the machinery, belting, shafting, gearing, drums and elevators, are so arranged and placed as to be dangerous to persons employed therein, while engaged in their ordinary duties" to have the same "safely and

securely guarded when possible, and if not possible'' that
''notices of the danger   *   *   *   *   be conspicuously posted
in such establishments.''

This count of the declaration, while perhaps otherwise
sufficient, is bad on several grounds: First, it fails to allege
that plaintiff's duties as an employee to repair and replace
belts required him to go up on the particular machine where
he is alleged to have sustained his injuries while said machine
was in motion; or, second, that it was necessary or possible to
safely and securely guard the shaft, pulleys, cogwheels and
belts, or metal pin projecting therefrom; or, third, that no
notices of the dangers thereof were posted as required by the
statute. It is alleged that plaintiff's duties required him to
go up on this machine, but not while in motion, and as is
alleged, this was a high machine, and the parts referred to
were not so located as to be dangerous to plaintiff or other
employees, unless required to go up on it while in motion.
We think the declaration should have alleged the omitted
facts in relation thereto to be good under the statute. The
alleged duties of the master in relation to such plant and
machinery do not obtain unless the conditions imposing them
are present and calling for compliance with the requirements
of the statute, and to bring a case within the purview of the
statute the declaration should affirm those conditions. Our
decisions do hold that the facts being alleged from which the
statutory duties arise, the court will take judicial notice of the
statute, a breach of those duties being averred. *Squilache* v.
*Coal & Coke Co.*, 64 W. Va. 337, 339, and authorities cited;
3 Bailey on Per. Inj., (2nd ed.) section 843.

The second point is that it was error to sustain defendant's
demurrer to the fourth count of the declaration. This count
relates to the alleged negligence of defendant to promulgate
rules to govern its employees in operating its machinery,
resulting in the injuries sustained by plaintiff. The opinion
of the court below was that this count was bad for failure to
show how the failure to adopt such rules contributed to or
caused the accident, or how the adoption of such rules could
have prevented the sudden starting of the machines, and that
in the absence of any such showing this count is deficient. Be-
sides averring negligence in failure to adopt and promulgate

rules generally, resulting in injury to plaintiff, this count avers defendant's negligence especially in failing to "promulgate rules for the government of its said employees in the matter of stopping and starting its said machines and machinery when and while belts were being placed on or removed from its said belt-wheels, and to provide and promulgate proper rules for its said employees, and especially for those of its said servants employed in the running of said machines and machinery, and forbidding and prohibiting the sudden starting of said machines and machinery in motion while belts were being placed on or removed from said belt-wheels by its servants." And it is distinctly alleged that plaintiff sustained his injuries by such alleged negligence of defendant.

Our decisions have adopted the liberal rule on this subject. If the alleged act of negligence be stated in general terms, and without stating the particular facts going to prove negligence, but stating the main or primary act of omission or commission doing the damage, this will be regarded sufficient pleading. *Snyder* v. *Wheeling. Electrical Co.,* 43 W. Va. 661; *Veith* v. *Hope Salt Co.,* 51 W. Va. 96, 41 S. E. 187; 10 Ency. Dig. Va. & W. Va. Reports, 397, et seq. These authorities say that "a declaration in an action for negligent injuries which states the cause of action so that it can be understood by the party who is to answer it, by the jury who are to ascertain the truth of the allegation and by the court who is to give judgment, and which distinctly sets forth when, where, in what manner and under what circumstances the plaintiff was injured by the defendant's defaults, negligence and improper conduct is sufficient." In 6 Thompson on Negligence, section 7536, it is laid down on the authority of the Oregon case of *Wild* v. *Oregon &c. R. Co.,* 21 Ore. 159, contrary to *Voss* v. *Delaware &c. R. Co.,* 62 N. J. L. 59, cited, that the general charge of negligence is sufficient to admit evidence in respect to failure to promulgate rules, and that a defendant in support of his plea of contributory negligence may show that he promulgated rules violated by plaintiff, or other servant, resulting in the injury complained of, and this without pleading the specific fact of such rules. In *Texas & P. Ry. Co.* v. *Cumpston,* (Tex.) 40 S. W. 546, it is distinctly decided, fourth point of the syllabus, that: "In

an action for negligence of an employer in failing to provide rules whereby an employe was killed, plaintiff need not allege or prove exactly what rules should have been made.'' But in the leading case of *Voss* v. *Delaware &c. R. Co., supra,* it is decided, point two of the syllabus, that: ''The general averment in a count in a declaration of the negligence of the railroad company to make and enforce reasonable and proper rules and regulations for the guidance of its employes in its business, or in the operation of its railroad yards, is not a sufficient averment of an element of negligence upon which an action for personal injuries by the servant against the company can be based.'' We emphasize the fact stated in the opinion as well as in the syllabus of the case last cited that ''a general averment'' in respect to the promulgation of rules will not do.

But which of these is the correct rule, and whether or not under a general averment of negligence the fact of negligence in failing to adopt and promulgate rules may be given in evidence, or such negligence must be specially pleaded, we need not for the purposes of this case decide, for in our opinion this fourth count sufficiently answers all the requirements of either rule. It avers generally negligence of defendant to adopt and promulgate rules, and distinctly specifies negligence to adopt and promulgate a rule respecting the stopping and starting of defendant's machines and machinery.

As all the other counts in the declaration seem to be predicated upon the departmental or superior servantcy rule, repudiated in our case of *Jackson* v. *Norfolk & W. R. Co.,* 43 W. Va. 380, and there is no count of general negligence under which the rule of some decisions would admit evidence of negligence in failing to adopt and promulgate rules, we are of opinion to hold that the court erred to the prejudice of the plaintiff in sustaining defendant's demurrer to said fourth count, and that as another trial is to be had in accordance with the judgment complained of, we think the judgment below should be corrected, and the demurrer to said fourth count overruled, and that on the new trial awarded plaintiff should be permitted to sustain said count by evidence if he can do so.

Next, and thirdly, it is complained that the court below erroneously set aside the verdict of the jury and awarded defendant a new trial.  As already noted the counts in the declaration upon which the trial was had were predicated solely upon the departmental or superior servantcy theory, once the law of this state, but overruled in *Jackson* v. *Norfolk & W. R. Co., supra,* and we think this case as presented is controlled absolutely by the principles of the Jackson Case, which has been many times re-affirmed in subsequent decisions, notably in *Miller* v. *Berkeley Limestone Co.,* 70 W. Va. 643, and *Ferguson* v. *Glady Fork Lumber Co.,* 72 W. Va. 278, 78 S. E. 689.  Urgent appeals are made by counsel in the case at bar to overrule these cases, but we think the principles enunciated therein are well founded in reason and authority and should be adhered to.

The only evidence adduced in support of the several counts on which the case was tried, relied on to show negligence, was that, while plaintiff was in the discharge of his duties in removing, repairing and replacing the belt or belts on a particular machine, and where he was required to go while the machinery was not in motion, the machinery was suddenly and without warning started by the direction or order of the superintendent or foreman on night duty at the time, whereby he was caught in the cogwheels and other parts of the machinery and sustained the injuries complained of.  It is not alleged, and it is not shown in evidence, that plaintiff was not aware of the dangerous place on the machine where he was required to be in the discharge of his duties.  He does not allege or rely on failure to instruct or warn him of the dangers of his position, as were the facts in *Cave* v. *Blair Limestone Co.,* 74 W. Va. 752, 82 S. E. 1095, distinguished therein from *Miller* v. *Limestone Co.* and *Ferguson* v. *Glady Fork Lumber Co., supra.*  As was said in *Jackson* v. *Norfolk & W. R. Co., supra,* and subsequent cases, the question of the liability of a master for the negligence of a servant does not depend upon the relative rank in which one servant stands in relation to an injured servant, but upon the character of the negligent act which causes the injury.  If that negligence pertains to some non-assignable duty of the master entrusted to one of his servants, whatever be his rank, the master is

liable; but if it pertains to a co-servant in the operation of the plant or factory of the master, and not falling within his non-assignable duties, the master is not liable. Such is the established law of our decisions. The sudden starting of the machinery as alleged did not pertain to any of these non-assignable duties of the master, but was a mere act of operation which the master could delegate without liability for negligence of a competent co-servant.

And for the foregoing reasons we are further of opinion that as the record then stood there was no error in the judgment below vacating the verdict and awarding defendant a new trial; nor in the refusal of the court to enter judgment upon the verdict for plaintiff.

But the court having erred in sustaining defendant's demurrer to the fourth count, when the case goes back the court below will enter an order overruling the demurrer to said fourth count, so that the plaintiff may have leave to be heard on that count also on proper pleadings and issues joined thereon.

*Affirmed.*

ROBINSON, PRESIDENT, *(dissenting in part)*:

Let it be distinctly noted that the order appealed from is one setting aside a verdict. The effect of the writ of error is that the plaintiff comes here and says that he obtained a verdict and that the court committed error *in setting it aside and awarding a new trial.* In other words, he says that he had a verdict *free from error,* but that the court subsequently erred in setting it aside. So the only error brought up is the alleged error of the trial court in setting aside the verdict. Logically, the writ of error can not present a question other than whether the court did err in setting aside the verdict. It can not present questions as to whether the court had erred to the prejudice of the plaintiff previous to the order complained of; for his appeal says that he is entitled to judgment on the verdict regardless of such error.

Now, on such an appeal the plaintiff complains that error was committed in sustaining a demurrer to certain counts of the declaration. But by his appeal he insists that the verdict was sound notwithstanding any such error. The force of his

appeal is not to bring up for review that error, but the sub-
sequent and distinct error of the court in setting aside the
verdict. The error in sustaining the demurrer has not entered
into or affected the judgment complained of, for according to
the theory of the appeal the verdict is good and the plain-
tiff is entitled to judgment thereon notwithstanding the ruling
on the demurrer. Thus, that ruling is out of the review
demanded. The plaintiff obtained a verdict despite the ruling
on the demurrer. That ruling then did not hurt him, as far
as the scope of this appeal is concerned, for by his coming
here to support the verdict he urges judgment on the verdict
regardless of the ruling on the demurrer. Properly, the
ruling on the demurrer to the declaration can not be con-
sidered herein. The writ of error raises but the question
whether there were errors underlying the verdict to the
prejudice of the defendant for which it should be set aside—
not whether there was error to the prejudice of the plaintiff,
even though it might underlie the verdict. The plaintiff can
not complain of error committed against him, though it
underlies the verdict in his favor. He getting the verdict,
wherein did the error harm him?

Of course it will be said that the ruling out of a certain
count made the verdict to stand on narrower ground and was
prejudicial to the plaintiff. But the gist of his appeal is that
though a prejudicial ruling was made against him, the verdict
is one on which he is entitled to judgment nevertheless. The
plaintiff so comes that he brushes aside any prejudicial ruling
against him and banks his case on the validity of the verdict
regardless of any such ruling.

We find that the verdict was properly set aside because it
involved errors against the defendant, and that there must be
another trial. But at this stage of the case, for all we know,
the plaintiff will again prevail regardless of the ruling on the
demurrer and get a verdict and judgment which the defend-
ant can not overthrow. For all we know, the ruling on the
demurrer may never prejudicially enter into any finding or
judgment. It has certainly not yet so entered into any
appealable order or judgment. Until it does, how can it
properly be reviewed on appeal? As the ruling on the
demurrer stands in this record, it is a mere interlocutory

order which has never entered into or affected in the least any order final in the sense that it is appealable. It is still open so that the trial court may yet correct the same. Perhaps that court would itself have done so before a new trial. The ruling and order on the demurrer is not appealable separately from some final judgment involving it. Yet in the majority opinion it is reviewed as though so appealable and brought into review.

Perhaps it would be good policy if there were some law of appellate procedure reaching such instances, but to my mind there is none. If we are consistently to keep within the range of ordinary rules as to complaints of error, we have nothing to do in this case with error committed to the prejudice of the plaintiff, which according to his own theory, as manifested by the particular appeal that he brings, has not yet affected him.

The majority permit the plaintiff, though the trial court did not err in the judgment complained of, to have a review of the ruling on the demurrer, wholly outside of that on which the appeal rests—an order expressly made appealable by statute. It is the same as to say that when a verdict is rightly set aside by the trial court, though the order is so clearly right that the party against whom it is can not maintain an appeal on it, still he may have all former steps in the case reviewed. This is virtually saying that one may have review on appeal, simply because his verdict has been set aside, of all that has gone before, whether it has yet prejudiced him or not, in preparation for the new trial. Such is not within the contemplation of the statute allowing a writ of error from an order granting a new trial. The scope of appellate jurisdiction under that statute has thus been defined: "This court being called upon to review the action of a trial court in setting aside a verdict and awarding a new trial, it will inquire from the record what errors, if any, sufficient to justify such action, were committed at the trial to the prejudice of the party against whom such verdict was rendered, and whether such verdict is plainly contrary to law and the evidence." *Robinson et al. v. Kistler,* 62 W. Va. 489. Our jurisdiction goes no further.