C. W. MULLENS *v.* F. A. WOLFE *et al.*

(No. 8794)

Submitted October 25, 1938.   Decided December 6, 1938.

*Thomas West,* for appellant.

*Duncan W. Daugherty* and *Maxwell W. Flesher,* for appellee.

MAXWELL, PRESIDENT:

This is a suit for dissolution of a partnership and settlement of its affairs.   C. W. Mullens and F. A. Wolfe constitute the firm.   Wolfe is the principal defendant and will herein be referred to as the defendant.

The circuit court adjudged that the partnership had been dissolved by mutual consent, and decreed that its assets be sold by commissioners whom the court appoint-

ed for the purpose. The points of error which do not involve moot questions are: (a) Failure of the court to declare a certain lease to be an asset of the the partnership; (b) the court's refusal to hold that the trade name employed by the partners is an asset to be subjected to sale in the windup of the partnership. The plaintiff is the appellant.

The partnership, formed for the purpose in 1933, conducted at 530 First Street in the City of Huntington a drug business under the trade name, "Central Drug Store". The place of business was held under a two-year lease (extended for three additional years) which had been taken in the joint names of the partners, individually. This lease, extended, expired March 31, 1938.

The business seemed to prosper for about four years when discord arose between the partners.

Before the expiration of the partnership lease the defendant obtained from the owner of the building in which the drugstore was located a new lease for a five-year period beginning immediately on the expiration of the extended term of the original lease. The plaintiff takes the position that the new lease, though taken by and in the name of only one of the partners, should be held for the benefit of the partnership, and, as such, be dealt with as a partnership asset. The defendant rejoins that at the time he obtained the new lease, dissension between the partners had become so acute it was evident the partnership business could not be continued after the expiration of the original lease, and therefore he committed no breach of trust in obtaining the lease in his own name and for his sole benefit. And then, too, he would justify his conduct by asserting that the plaintiff himself had undertaken to obtain a new lease on the storeroom for his individual benefit, to the exclusion of the defendant. This assertion, in our opinion, is not sustained by the evidence. It would seem that the plaintiff made no further contact with the landlord than to request that he (plaintiff) be given an opportunity to try to obtain a new lease for himself if and when the defendant, as

suspected by the plaintiff, should undertake to obtain a new lease individually.

"A partner is a trustee for the other partners and for the partnership, he is the cestui que trust of the other partners. The relationship between partners being fiduciary, the highest degree of good faith between the partners is required." 1 Rowley's Modern Law of Partnership, sec. 116. Applying the same principle are *Krebs* v. *Blankenship*, 73 W. Va. 539, 80 S. E. 948, and *Lopinsky* v. *Hurvitz*, 87 W. Va. 422, 105 S. E. 593. This is primary law. In many cases, courts, backgrounding their holdings on the basic principle stated, have held that a partner who, without authorization, obtains a renewal of an existing lease, or a new lease, in his own name and for his private use, of premises occupied by the partnership, will be held to have acted for the partnership and not for himself. 1 Rowley's Modern Law of Partnership, sec. 394; *Knapp* v. *Reed*, 88 Neb. 754, 130 N. W. 430, 32 L. R. A. (N. S.) 869, Ann. Cas. 1912B, 1095, and note p. 1100. In the absence of a definite agreement and understanding between the plaintiff and defendant which would have authorized the latter to obtain a new lease of the storeroom in his own name, he could not, by obtaining a new lease individually, exclude the plaintiff from the benefits thereof. The new lease became a partnership asset, and as such should have been subjected to sale by the trial chancellor in liquidating the partnership.

A short time before the beginning of the partnership business the plaintiff and defendant organized a corporation under the name of Central Drug Store, Inc. The trial chancellor correctly held that the existence of the corporation was never recognized by the partners for any other purpose than an effort to hold through that means the trade name, "Central Drug Store", and that the business was not conducted as a corporation, but purely as a partnership.

A trade name may or may not be property; but in a partnership, where the utmost good faith is required and

each member is unqualifiedly entitled to his share of the benefits of the assets of the partnership, it follows that, on dissolution of the partnership, any value which the partnership trade name and good will may possess should be treated as an asset inuring to the benefit of all the partners. *Non constat* but that the name, "Central Drug Store", employed by this partnership, may have come to be generally and favorably known in the section of the city where this business has been conducted. If so, the name has a potentiality which a new name would not have. That means that the old name may have value. It should therefore be considered an asset.

In our opinion, the trial chancellor should have held that both the new lease and the trade name are assets of the partnership, and that both should have been decreed for sale along with the stock of merchandise and fixtures.

Within a few days after the decree of sale of the merchandise and fixtures and the appointment of commissioners to make the sale, the defendant went to the storeroom and proceeded bodaciously to tear down the fixtures and remove them and the merchandise from the storeroom for the purpose of placing them in storage so that he could start immediately with his new store under the new lease above mentioned. The plaintiff, coming on the scene, physically prevented the consummation of the defendant's plan of tearing down and removing. Thereupon, they both appealed to the trial court. It denied the plaintiff's petition that the defendant's conduct be restrained, and sustained the defendant's petition that the plaintiff be enjoined from interfering with the defendant in the removal of the partnership property from the storeroom. The appeal granted by this court is from this last stated action of the trial chancellor as well as from the decree of sale above discussed. This latter question has probably now become moot, so that anything we would say on the subject would be without beneficial result. However, we are impressed that the defendant's

conduct was unwarranted and should have been restrained.

In accord with what is stated above, we modify and enlarge the decree of sale by directing that there be included in the sale the trade name and good will of the partnership, also the five-year lease obtained by the defendant. The decree of sale, thus modified, we affirm.

*Modified and Affirmed.*