# CHARLESTON.

FURBEE *et al. v.* SHAY *et al.*

Submitted June 19, 1899—Decided November 11, 1899.

1. JUSTICE OF THE PEACE—*Appeal.*

    If there has been a full and fair trial on the merits of the con-
    troversy in a civil action commenced before a justice, the judg-
    ment will not be reversed for mere technical errors, not prejudi-
    cial to the fairness of such trial.  (p. 737).

2. JUDGMENT—*Reversal.*

    The party complaining must show error to his prejudice to
    secure reversal of a judgment against him.  (p. 737).

3. RECORD—*Bills of Exceptions.*

    When alleged bills of exception are not properly certified and
    made parts of the record, this Court will not consider the grounds
    of error thereby presented.  (p. 737).

Error to Circuit Court, Tyler County.

Action by D. M. Furbee and others against Shay &
McMullen.  Judgment for plaintiffs.  Defendants bring
error.

*Affirmed.*

SHANOR & HUNT, for plaintiff in error.

J. V. BLAIR, for defendant in error.

DENT, PRESIDENT:

This is an action of debt originally instituted by Fur-
bee Bros. and Smith against Shay & McMullen, resulting in
a judgment in favor of the plaintiffs against the defend-
ants for the sum of one hundred and forty-one dollars and
twenty-five cents.  The defendants appealed to the circuit
court of Tyler County, wherein the same result was reach-
ed.  They then came to this Court, and here rely on the
following errors:

First, that the jury was sworn to try the "matters in difference" before the issue was made up. This question has been settled by this Court in the case of *White* v. *Emblem*, 43 W. Va. 819, (28 S. E. 761). Also see *Griffin* v. *Haught*, W. Va. (31 S. E. 957). In actions originating in a justice's court, when there has been a fair trial on the merits of the controversy, no mere technical objection to the pleadings and issue, not prejudicial to the party complaining, will be deemed sufficient cause for reversing the judgment.

Second, that the circuit court erroneously instructed the jury, and refused to give a proper instruction asked by the defendants, or to set aside the verdict of the jury as contrary to the law and the evidence. These alleged errors depend entirely on the alleged bills of exception, none of which are properly made parts of the record, and therefore they cannot be considered by this Court. *Criffith* v. *Corrothers*, 42 W. Va. 59, (24 S. E. 569); *Craft* v. *Mann*, 46 W. Va. 478, (33 S. E. 260). The record disclosing no error prejudicial to the defendants, the judgment is affirmed.

*Affirmed.*