# CHARLESTON.

## McGraw *v.* Roller.

Submitted February 10, 1900—Decided March 31, 1900.

APPEAL—*Error—Record—Affirmance.*

Where the record shows no error affirmatively, the judgment will be affirmed. *Craft* v. *Mann* (W. Va.) 33 S. E. 260; *Furbee* v. *Shay* (W. Va.) 34 S. E. 746; *Griffith* v. *Corrothers*, 24 S. E. 569; (42 W. Va. 59); *Webb* v. *Bailey*, 23 S. E. 644, (41 W. Va. 463). (p. 652).

Error to Circuit Court, Webster County.

Action by John T. McGraw against John E. Roller. Judgment for plaintiff. Defendant brings error.

*Affirmed.*

W. S. LAIDLEY, for plaintiff in error.

JAKE FISHER and W. E. R. BYRNE, for defendant in error.·

DENT, JUDGE:

John T. McGraw, plaintiff, sued John E. Roller, defendant, in an action of *assumpsit,* in the circuit court of Webster County, and obtained a judgment for eight hundred and thirty-seven dollars and forty-two cents. The defendant now here insists that the court erred in refusing to quash the summons and abate the action. The ground of his motion is that at the time of the service of the summons he claims that he was a non resident of the State, temporarily in attendance on the court, both as a suitor and an attorney, and was, therefore, privileged from the service of civil process. After service of summons, the rules were duly taken, and on the 12th day of November, 1898, the court entered the following order and judgment:

"*John T. McGraw* vs. *John E. Roller,* In *Assumpsit.* This day came the plaintiff, by Jake Fisher, his attorney, and the defendant, by H. C. Thurmond, his attorney, ap-

peared specially for the purpose of having the writ quashed, and thereupon the said defendant, by his said attorney, moved the court to quash the writ herein for reasons stated in his special plea, and the said defendant tendered his said special plea in writing, setting out the matters aforesaid, to the filing of which the plaintiff objected, which objection, being considered by the court, is sustained, and said special plea is refused, and the motion aforesaid overruled, to which ruling of the court the defendant, by his attorney, excepted. Whereupon the said defendant was solemnly called, but came not, and all matters of law and fact arising in this case are submitted to the court, and thereupon the court finds for the plaintiff the sum of eight hundred and thirty-seven dollars and forty-two cents. Therefore, it is considered by the court that the plaintiff, John T. McGraw, recover of the defendant, John E. Roller, the sum of eight hundred and thirty-seven dollars and forty-two cents, with interest thereon from this date, together with his costs in this behalf expended."

The plea referred to is as follows, to wit:

"The said defendant, by his attorney (appearing only for the purpose to have the writ in this case quashed), for plea says: That the defendant, John E. Roller, is a nonresident of the State of West Virginia; that he is a practicing attorney in the circuit court of Webster County; that the last (August) term of said court began on the 1st day of August, 1898; that said defendant was within the jurisdiction of the court as a practicing attorney, and also as a suitor therein, attending to his business as such attorney and suitor in said court on the 1st day of August, 1898; that the writ in this case was served on defendant on said 1st day of August, 1898, as appears by the return of the sheriff thereon; that defendant believes that he was exempt from the service of said writ on him on said day, as well as during said term of court, and also during his attendance at and upon said court, and in going to and returning from the same; that defendant is now, and was on the 1st day of August, 1898, a resident of the State of Virginia. Wherefore, the defendant prays the judgment of this Court if it will take cognizance of the return on said writ, and

that the return thereon be quashed. H. C. Thurmond, Attorney.

"State of West Virginia, Webster County, to wit: H. C. Thurmond, being sworn, says that he is the attorney for the defendant named in the foregoing plea (for the purposes therein stated); that he knows the contents thereof, and that the facts and allegations therein contained are true, except so far as they are stated to be upon information and belief; and that such facts as are therein stated to be upon information and belief he believes to be true. Sworn to before me this 10th day of November, 1898."

This is the whole of the record made in court. There is no bill of exceptions nor certificate of facts. The plea was properly rejected. It was not verified by affidavit (section 39, chapter 125, Code) nor filed in time, as required by section 16, *Id.* The motion to quash comes too late, because it amounts to an exception to the jurisdiction of the court through failure of proper service of the summons, and therefore could only be raised as required in the last section, referred to by plea in abatement. There is still another serious objection to the consideration of this case on the legal question raised by the plaintiff in error, and this is that the record presents no facts on which this Court can act. In his unsworn plea defendant attempts to set out facts showing the privilege he claims for himself; that is, immunity from summons. This does not amount to proof, but is merely a rejected pleading. On his motion the court found against him. By its records it may have possessed the information as to whether he was an attorney or suitor required to be in attendance on the day of the service of the summons or not. This Court has no such source of information; and the circuit court, having found against him, must have determined that he was not such a person as was entitled to immunity from the service of process. Its judgment is presumed to be right, and he must show the error therein by the record. It must affirmatively appear. The evidence on which the circuit court determined the motion does not appear in the record. There is nothing that this Court can do but affirm the judgment, which is accordingly done.

*Affirmed.*