# CHARLESTON.

NATIONAL CASH REGISTER COMPANY v. UNION BARGAIN
HOUSE.

Submitted March 1, 1904—Decided March 29, 1904.

1.   WRIT OF ERROR—*Record.*
     Where the record is so imperfect as not to disclose error in
     a judgment, it is presumed to be right, and on writ of error will
     be affirmed.   (p. 490.)

Error to Circuit Court, McDowell County.

Proceeding between the National Cash Register Company
and the Union Bargain House. From the judgment the Na-
tional Cash Register Company brings error.

*Affirmed.*

T. L. HENRITZ, and STROTHER & STROTHER, for plaintiff in
error.

R. C. and B. McCLAUGHERTY, and D. E. FRENCH, for de-
fendant in error.

BRANNON, JUDGE:

In the petition for the writ of error it is said that National
Cash Register Company sold Womach, trading as Union Bar-
gain House, a cash register, reserving title until payment of
purchase money, and that E. B. Taylor & Company levied an
execution against Womach on the register, and the Register
Company filed before the justice claim to it, asking its release
from the execution, and after trial before the justice, the case
went to the circuit court on appeal, when it was decided against
the Register Company, and it took out a writ of error.

There is no paper to show even a commencement of action be-
fore a justice, though from an order we may say there was.
That order says an order to summon the parties was issued, but
it is not in the record, but an order between the Register Com-
pany and Meoni & Co. and C. Womach appears. The judgment
of the circuit court recites that the case was heard by the court
upon agreed statement of facts filed with the papers, but the

statement is not in the record. The entry in the justice's docket does say that it was agreed that Taylor & Co. were execution creditors of the Union Bargain House, and that the execution was levied on "the cash register referred to in the order herein, and which is claimed by the plaintiff;" but that order is not in the record so as to describe or identfy the register, nor is the execution, nor is there proof what register was levied on, nor that it was the same sold by the Register Company to Bargain House. There is notice of reservation of title printed, but not made a part of the record by bill of exceptions or otherwise. There is no evidence to identify the register as the one sold or as the one to which the reservation of title was reserved.

A judgment is presumed to be right, and unless we have the evidence certified, whether the case was tried by a jury or a court in lieu of it, we cannot reverse. *Robertson* v. *Harmon,* 47 W. Va. 500; *State* v. *Miller,* 26 *Id.* 106. We must affirm the judgment as we must take it to be right until shown not to be. *Hickman* v. *Painter,* 11 W. Va. 386; 3 Cyc. 419; *Griffith* v. *Corrothers,* 42 W. Va. 59.

*Affirmed.*