# CHARLESTON

## STATE v. LAVIN.

Submitted February 26, 1908.    Decided March 3, 1908.

1. CRIMINAL LAW—*Review—Harmless Error—Bad Similiter.*
   Mere lack of a *similiter* in the record of a criminal trial is not ground for reversal of the judgment. (p. 27.)

2. SAME—*Presumption Against Error.*
   Silence of the record as to whether the trial court informed the jury of section 31 of chapter 116 of the Code, requiring a juror, knowing anything relative to the fact in issue, to disclose it in open court and not to the jury, does not establish error, it being presumed either that such information was given, if asked, or compliance with the requirement waived. (p. 28.)

3. HOMICIDE—*Review—Harmless Error—Instructions.*
   It is not reversible error to give instructions, in a trial on an indictment for malicious shooting, enunciating the law applicable

to self-defense and malice in trials on indictments for murder, when there is evidence in the case tending to prove self-defense, on the one hand, and malicious shooting on the other, and the fact that death did not ensue was clearly disclosed by the evidence and admitted. (p. 28.)

4.  CRIMINAL LAW— *Trial—Instructions—Assumption of Fact.*

An instruction, given on a trial for malicious shooting, telling the jury the principles of the law of self-defense in murder cases apply to "malicious shooting cases," does not assume the fact of malice on the part of the prisoner, since the terms used indicate the class of cases to which the one on trial belongs, as shown by the indictment or charge, rather than by the evidence, and refer not to the case on trial, but to such class of cases. (p. 29.)

5.  TRIAL—*Instructions—Assault and Battery—Criminal Responsibility.*

It is not error to instruct the jury, on a trial for malicious shooting, that bare fear of a malicious assault or other felony, however well grounded, does not justify killing by way of prevention, in the absence of an overt act, indicative of the execution of such felonious intent, when there is conflict in the evidence as to whether there was such overt act. (p. 29.)

Error to Circuit Court, Wood County.

Charles Lavin was convicted of malicious shooting and he brings error.

*Affirmed.*

R. L. GREGORY and W. E. McDOUGLE, for plaintiff in error.

CLARKE W. MAY, Attorney General, for the State.

POFFENBARGER, PRESIDENT:

Charles Lavin, under sentence of imprisonment for a term of five years, pronounced by the criminal court of Wood county, on his conviction therein of the malicious shooting of one Mike Sheehi, assigns as grounds of error the overruling of his demurrer to the indictment and his motion to quash the same, the giving of certain instructions, alleged failure to direct the attention of the jury to a certain statute, and the overruling of his motions to set aside the verdict and in arrest of judgment.

The indictment is apparently in the usual form, no defect therein is pointed out, and we perceive none.

The motion in arrest of judgment is founded on the assumption of omission of a joinder of issue. A plea of not guilty was entered of which the prisoner put himself upon the country, and thereafter the order proceeds as follows: "And the prosecuting attorney doth the like and issue thereon is joined." It suffices to say that, if the *similiter* is bad, reversible error cannot be predicated upon it." *State* v. *Aler*, 39 W. Va. 549; *State* v. *Beatty*, 51 W. Va. 232.

It does not appear that any juror knew anything relative to the fact in issue, and, if it did, there is a presumption that the court informed the jury of section 31 of chapter 116 of the Code, requiring such juror to disclose it in open court, but not to the jury. *Truex* v. *South Penn Oil Co.*, 59 S. E. 517. In view of the silence of the record as to the performance of duties incumbent upon the court in the trial of criminal, as well as civil cases, due performance thereof is presumed, except in the case of constitutional guaranties, observance of which must affirmatively appear. *State* v. *Beatty*, 51 W. Va. 232.

There was evidence tending to sustain the issue of self defense, in view of which the court gave to the jury, by way of instruction, the familiar law on that subject and the presumption of malice, embodied in points 7 and 11, respectively, of the syllabus in *State* v. *Cain*, 20 W. Va. 679, substantially, if not exactly, in the terms in which it is there expressed, notwithstanding the prisoner was on trial for malicious shooting and not for murder. This having been brought to the attention of the court, the following additional instruction was given: "Upon motion of the Prosecuting Attorney the Court instructed the jury that the foregoing instructions is the law of this State as to self defense in murder cases, and that the same principle applies to malicious shooting cases where the prisoner relied on the plea of self defense."

The principal objection to these instructions is that they propound to the jury the theory of murder, predicated upon no evidence of that crime. If we could say the injection into a trial of an immaterial issue, is reversible error, it would rest upon the assumption of tendency to mislead the jury. Under some circumstances it might have such effect, but

that it could not in this case is perfectly obvious, since the charge in the indictment was not murder and it clearly appeared from the testimony that the victim of the shooting had recovered. As the facts and not the evidence were certified, for which reason we are not informed as to who the witnesses were, we do not know that he was present in court and testified in the case, but it is highly probable that he was. Seeing the jury must have known the prisoner was not on trial for murder, and that the object of the instructions was to direct their minds to the facts and circumstances necessary to justify the shooting and tending to prove malice, we are of the opinion that they could not have been mislead or confused by them. Erroneous instructions do not constitute ground for reversal, if the appellate court can clearly see they did no harm. *Sheppard* v. *Insurance Co.*, 21 W. Va. 368, 394; *Hunter* v. *Jones*, 6 Rand, 541, *Koiner* v. *Rankin*, 11 Grat. 429. In many cases, it is impossible to do so, but we regard this one as falling within the well known exception to the general rule. *Hunter* v. *Jones*, cited, involved an instruction applicable to a state of facts not disclosed by the evidence, just as these are, and the error was held not prejudicial.

The principle declared in *State* v. *Dickey*, 46 W. Va. 319, is invoked against that part of instruction No. 1 which says bare fear of a malicious assault or other felony, however well grounded, unaccompanied by an overt act indicative of the intention, does not warrant killing by way of prevention. The facts attending the shooting in this case are wholly different from those disclosed in *State* v. *Dickey*. As to whether there was an overt act, the evidence was conflicting, and it was for the jury to determine whether there was or not.

A charge of assumption of the maliciousness of the shooting is predicated on the language of the qualifying or explanatory instructions given by the court: We think, however, the reference in it to "malicious shooting cases" could not have been regarded by the jury as a suggestion or intimation as to the weight of the evidence. Literally, it is not confined to the case on trial. The terms are generic in import. The reference is to the class of cases to which the one on trial belongs, as shown by the indictment or charge

rather than the evidence, not to that particular case. This, in our opinion, is conclusive of the untenableness of the position taken in the brief of the attorneys for plaintiff in error.

For the reasons here stated, the judgment will be affirmed.

*Affirmed.*