# CHARLESTON

## CAVE v. BLAIR LIMESTONE CO.

Submitted September 4, 1914.   Decided September 22, 1914.

1.  APPEAL AND ERROR—*Presentation for Review—Presumption.*
    Error will not be presumed but must affirmatively appear by the record.   (p. 752).

2.  SAME—*Discretionary Ruling—Denial of Continuance.*
    The granting of a continuance is largely a matter within the sound discretion of the trial court and the refusal to grant it does not demand a reversal unless it clearly appears that there has been an abuse of discretion prejudicial to the party compalining.   (p. 753).

3.  MASTER AND SERVANT—*Injury to Servant—Actionable Negligence.*
    It is actionable negligence for the master to set his servant to repair a piece of machinery, with the operation of which the servant is ignorant, which is liable to be set in motion and to become dangerous while the servant is working on it, without warning him of the extraordinary hazard.   (p. 753).

Error to Circuit Court, Berkeley County.

Action by I. F. Cave against the Blair Limestone Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*H. H. Emmert,* for plaintiff in error.

*Decatur H. Rodgers, Allen B. Noll* and *R. H. Boyd,* for defendants in error.

WILLIAMS, JUDGE:

In an action for personal injury, tried in the circuit court of Jefferson county, plaintiff recovered judgment for $2,715, and defendant brings error.

The first error assigned is that the court refused to require plaintiff, who defendant claims is a nonresident, to give security for costs.   The record shows that on the 22nd January, 1913, after the clerk, at the direction of the court, had started to call the witnesses for plaintiff and before he had announced himself ready for trial, defendant suggested his nonresidency and demanded security for costs.   The motion was overruled

and defendant excepted. But no bill of exceptions embodying the evidence, if any, on this point was taken, and it does not appear that the court erred. The judge may have had good reasons for his action. It may have been proven to his satisfaction that plaintiff was a resident, or that, by its long delay in demanding security, defendant had waived its right thereto. But it is useless to speculate as to the court's reasons, we simply say that error will not be presumed but must affirmatively appear, and the record discloses none on this point.

The next assignment is that the court erred in refusing to grant defendant a continuance on account of the absence of one of its witnesses. This witness was its general manager, Ward McLanahan. From the affidavits, pro and con, respecting the motion for a continuance, it appears that Mr. McLanahan did not see the accident which caused the injury, and that defendant expected to prove by him that it occurred at the noon hour when the machinery was supposed to be idle. This fact was testified to by Moore Robinson, whose deposition had been taken in the state of Pennsylvania by defendant to be read on its behalf. Defendant did not offer the deposition, and plaintiff was permitted to introduce it as evidence in his own behalf. He testified to the same fact that defendant expected to prove by the absent witness. The matter of granting a continuance is largely within the discretion of the trial court, reviewable however by this court, and, unless it clearly appears that there has been an abuse of discretion, the court's action will not be disturbed. In view of the facts above stated, we do not see that there has been any abuse of discretion.

The third assignment is that the court erred in rendering judgment in favor of the plaintiff upon the demurrer to the evidence. Defendant offered no evidence, but relied upon its demurrer to plaintiff's evidence. Defendant was engaged in operating a stone quarry, crushing stone and burning and shipping lime and stone. Plaintiff was employed as a general laborer about the quarry. His work was to oil cars and do such other general work about the quarry as might be required. The machinery used to hoist the stone from the

quarry pit to the surface above was operated by electricity. The power was controlled and applied by means of levers and wires in a room about forty feet above the hoisting machinery. Moore Robinson was the foreman of the gang working in the quarry where the accident occurred. One of the cog-wheels on the shaft became loose. Moore Robinson called plaintiff to assist him in adjusting and tightening it, and told him to drive in the key which held the wheel in place. Robinson was on one side of the cog-wheels and plaintiff on the other. The cog-wheels had a downward and an inward motion when the machinery was running. In order to drive the key plaintiff had to take a position so near the cog-wheels as to be liable to be drawn into them if the machinery should be put in motion. The electric bells which were used to signal the engineer in the power house when to turn on the power had been out of commission for some days, and the men had been signaling to him by a wave of the hand or by halloing. While plaintiff was engaged in driving the pin someone holloed to the engineer to turn on the power. He did so and set the cog-wheels in motion, and plaintiff's leg was caught between the cogs and severely injured. The engineer had not been warned of plaintiff's dangerous position and not to turn on the power. Plaintiff testifies that he did not know whether the cog-wheels revolved inward or outward, and was ignorant of his danger. In view of these facts and circumstances, plaintiff's risk was extraordinary, and not one incident to his employment. There is evidence tending to prove that the wheel had become loose on the shaft frequently before this occasion, and that the cogs on it had worn sharp because of its slipping away from the other wheel to which it was geared. An employee assumes the risk of only such danger as is incident to his employment and is reasonably to be apprehended. When a master sets his servant to perform an unusually dangerous piece of work, it becomes his duty to warn him of all such dangers as reasonable foresight of the servant will not enable him to anticipate. The foreman was empowered to direct plaintiff's work. It does not follow, however, that a foreman in charge of work is a vice-principal for all purposes; he is only such in respect to those non-assignable duties which the

master owes to the servants under him. It was defendant's duty in this case to warn plaintiff of his extraordinary danger, and the failure to do so was negligence entailing liability. *Ewing* v. *Lanark Fuel Co.,* 65 W. Va. 726; 3 Labatt on Master and Servant, (2nd ed.), Sec. 1146, and numerous authorities there cited. Defendant insists that this case is governed by the cases of *Miller* v. *Limestone Co.,* 70 W. Va. 624 and *Ferguson* v. *Lumber Co.,* 72 W. Va. 278, 78 S. E. 689. We do not think so. Those cases differ materially from the present one. The proof in those cases showed that the servant was as fully aware of the danger attending the work he was performing as the master could have been if personally present, and, therefore, had assumed the risk.

The testimony is conflicting as to the exact time when the injury occurred. The foreman testified it was after the noon whistle blew, and was therefore at a time when the machinery was supposed to be idle. But another witness states that it was before the whistle blew. There is also evidence tending to prove that the engineer who turned on the power was drunk at the time and was dosing and only imagined somebody had given the hoisting signal, and that, in fact, no such signal was given. These were all questions of fact for the jury.

Counsel for defendant insists that the negligence which caused the injury was the act of a fellow servant. But what fellow servant? There is no evidence that the foreman gave notice to anyone about the machinery that he and plaintiff were engaged in repairing it, and not to start the machinery while they were thus employed, nor does it appear that any of the other employes knew that they were thus engaged. So that the jury could properly conclude that the giving of the hoisting signal and the turning on the power were acts performed in the regular course of employment, and were, therefore, not negligence. The negligence which was the primary cause of the injury was the failure to warn plaintiff respecting his extraordinary danger. This was a duty which it could not delegate to another. Had plaintiff been warned, or had he

known of the danger he could not have recovered, for he would then have assumed the risk.

The judgment is affirmed.

*Affirmed.*