Syllabus.

# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## G. W. SMITH v. C. S. WITHROW.

April 6, 1921.

1. APPEAL AND ERROR.—*Exceptions, Bill of—Matters not Included in Record.*—Matters such as instructions or affidavits supporting a motion for a new trail, if sought to be availed of in the Supreme Court of Appeals, must be made parts of the record by proper bills of exception.

2. APPEAL AND ERROR.—*Exceptions, Bill of—Affidavits Supporting Motion for New Trial not included in Record—Presumption in Favor of Action of Lower Court.*—In the absence of the affidavits from the record upon which the trial court relied when it set aside the jury's verdict in favor of plaintiff the Supreme Court of Appeals must presume that such action was correct and the verdict properly set aside. That being so, and the plaintiff in the instant case tendering no evidence on the second trial, the final judgment of the lower court in favor of defendant must be sustained.

3. APPEAL AND ERROR.—*Exceptions, Bill of—Matters not Included in Record—Case at Bar.*—In the instant case plaintiff sought to recover for personal injuries and damages to his property sustained when he was run into by an automobile belonging to defendant. Plaintiff obtained a verdict which the lower court set aside on the ground of after-discovered evidence. Plaintiff complained that the verdict should not have been set aside, save as to the recovery for the personal injuries to which the affidavits in support of the motion for a new trial related.

Held: That the determination of this contention would require an inspection of these affidavits, which were not made a part of the record by proper bills of exception. Hence, in regard to this contention, the Supreme Court of Appeals must presume that the defendant's affidavits supported the action of the trial court, and that its judgment setting aside the verdict generally was fully justified.

Error to a judgment of the Circuit Court of the city of Newport News, in an action of trespass on the case. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*T. J. Christian,* for the plaintiff in error.

*Lett & Massie,* for the defendant in error.

SAUNDERS, J., delivered the opinion of the court.

· The following facts are revealed by the record in this case: The plaintiff in error, an old man named Smith, owns a small truck farm a few miles north of the city of Newport News. Returning to his farm from that city on the night of May 17, 1919, accompanied by his wife, and driving slowly on the right-hand side of the road, he was run into from the rear by an automobile belonging to Claude S. Withrow, the defendant in error. Hereinafter the parties will be referred to, respectively, as the plaintiff and the defendant.

The impact of the automobile knocked Smith out of his wagon, injured his horse so that he died in a few days, and damaged the vehicle. After making some ineffectual efforts to effect a settlement with the owner of the car, Smith brought an action of trespass against the latter in the Circuit Court of the city of Newport News for personal injuries received and damage to his property, and secured a verdict for five hundred dollars.

The defendant moved to set the verdict aside on the ground that it was contrary to the law and the evidence, and on the further ground of after-discovered evidence. The court overruled the motion on the first ground, and deferred the disposition of the motion on the second ground

until the following day. On that day the defendant tendered four affidavits in support of his motion last made. These affidavits were received and ordered to be filed. Thereupon, after argument, the court sustained the defendant's motion, on the ground last above stated, set aside the verdict, and ordered a new trial. To this action of the court the plaintiff excepted.

The case was called for trial at the January term, 1920, of the circuit court, and the plaintiff declining to introduce any evidence, it was considered by the court that the "plaintiff should take nothing by his writ, and that the defendant should go thereof without day."

The plaintiff applied for and secured a writ of error and supersedeas from one of the judges of this court.

[1] The evidence submitted on the first trial of the case was duly put in the record by a proper bill of exceptions; but the plaintiff failed to make the affidavits tendered by the defendant a part of the record. Plaintiff's bill of exception No. 2, erroneously referred to in the record as defendant's bill, merely excepts to the action of the court in setting aside the verdict, and prays that his bill of exceptions may be signed, sealed, etc. Of course, matters such as instructions, or affidavits, if sought to be availed of in this court, must be made parts of the record by proper bills of exception. There is no need to cite authority for this pronouncement, but a very recent case to this effect is *N. Y., P. & N. R. Co.* v. *Chandler*, 129 Va. *post* 722, 106 S. E. 684.

[2] In the absence of the affidavits upon which the trial court relied when it set aside the verdict of the jury, this court must presume that such action was correct, and the verdict properly set aside. That being so, and the plaintiff tendering no evidence on the second trial, the final judgment of the court recited, *supra*, was unescapable.

[3] The plaintiff complains that the verdict on the first trial should not have been set aside save as to the recovery

for the personal injuries to which the affidavits related; but determination of this contention would require an inspection of the affidavits. These affidavits, as stated, *supra,* are not before this court. Hence, in respect of the above contention, this court must presume that the defendant's affidavits supported the action of the trial court, and that its judgment setting aside the verdict generally was fully justified.

In the state of the record, and the situation cannot be rectified by any present action on the part of this or the trial court, nothing remains save to affirm the judgment complained of, which is accordingly done.

*Affirmed.*