# CHARLESTON.

## STATE *v.* S. JOE

### (No. 6037)

Submitted February 28, 1928.　Decided March 6, 1928.

CRIMINAL LAW—*Where State's Undisputed Competent Evidence Shows Substance in Question is Moonshine Liquor, There is no Occasion for Jurymen to Taste it.*

In a prosecution for violation of the prohibition law no occasion arises for the members of the jury to taste a liquid when the State has shown by competent evidence that it is moonshine liquor, and there is no testimony to the contrary.

(Criminal Law, 16 C. J. § 2549.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Logan County.

S. Joe was convicted of possession of moonshine liquor, and he brings error.

*Affirmed.*

*Jas. E. Greever,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

The defendant was found guilty under a warrant charging him with possession of moonshine liquor. He protests the verdict on the ground that it is contrary to the law and the evidence, and that the jury was not extended permission (on his motion) to taste the liquid, the possession of which was charged to him by the State.

The defendant was proprietor of the Washington Hotel in the city of Logan. An officer of the law testified that upon a search of the hotel, he saw the defendant with a pitcher and something that looked like a small glass in his hands; and that defendant threw the pitcher into the kitchen sink, and then "reached up on a shelf", and when he withdrew his hand there were two small "dram" glasses on the shelf. Another witness saw the defendant coming from the kitchen, and the officer following him with the pitcher. Several witnesses testified that from the odor of the fluid in the pitcher they were of opinion it was moonshine liquor. The pitcher and its contents were introduced in evidence, and handed to the jury for examination. The defendant denied being in the kitchen, denied having had the pitcher in his hand, and denied possession as well as knowledge of the liquid in the pitcher. One of his witnesses stated that he saw a man named Louie put moonshine liquor into a teapot before the defendant came to the hotel that morning; that he (the witness), Louie and another drank all of it, except a few drops which Louie threw into the dishwater; that Louie then ran some water into the teapot, and that it was the same vessel which was introduced in evidence by the State.

In reviewing conflicting testimony, we must give preference to that which favors the verdict. *Wilson* v. *Johnson,* 72 W. Va. 742. When we do so, the return of the jury is amply supported by the evidence. The State's witnesses possessed much experience concerning moonshine liquor and were therefore competent to give opinions as to the liquid solely from its odor. *State* v. *Stone,* 100 W. Va. 150; *State* v. *Snodgrass,* 91 W. Va. 553. Their testimony *prima facie* established it as moonshine liquor. The defendant could have submitted testimony to the contrary if he questioned it being such liquor. He did not do so. He did not attempt to identify the liquid as the water which Louie was said to have put in the pitcher. He did not state in his motion to permit the jury to taste the liquid any reason therefor. He did not vouch the record as to what the jury was expected to learn thereby. The liquid had already been presented to the jury for examination. Are we to presume that its examination was entirely superficial? Must we disregard the testimony of the State's witnesses regarding the liquid? Shall we overlook the failure of defendant to controvert that testimony and presume that a taste of the liquid would have shown it not to be moonshine liquor? We would have to do just those things in order to hold that the defendant was prejudiced by the refusal to grant his motion. We cannot assume that the result of tasting the liquid would have been favorable to the accused. *State* v. *Sixo,* 77 W. Va. 242; *Lord & McCracken* v. *Henderson,* 65 W. Va. 321. There is a presumption that the jury gave "fair consideration" to the properties of the liquid. *McCullough* v. *Clark,* 88 W. Va. 22. It is also presumed that the ruling of a trial court is correct where the record discloses naught to the contrary. *Harris* v. *Commonwealth,* 133 Va. 700; *Griffith* v. *Corrothers,* 42 W. Va. 59. All of which are simply different ways of stating the settled rule that error will not be presumed but must affirmatively appear from the record. *State* v. *Beatty,* 51 W. Va. 232; *Demar Oil Co.* v. *Bartlett,* 62 W. Va. 700. The record discloses no error. The judgment of the lower court is accordingly affirmed.

*Judgment affirmed.*