JAMES VENTURINO *v.* NORFOLK & WESTERN RAILWAY COMPANY

(No. 7102)

Submitted February 7, 1933. Decided February 14, 1933.

*Hogg & Crawford,* for plaintiff in error.

*F. M. Rivinus, Holt & Holt,* and *Goodykoontz & Slaven,* for defendant in error.

LITZ, JUDGE:

Plaintiff, James Venturino, is aggrieved by the ruling of the circuit court, setting aside a verdict of $5,000.00 in his favor and awarding defendant, Norfolk & Western Railway Company, a new trial in an action for personal injury sustained by him in the course of his employment as its servant.

According to his testimony, plaintiff was injured July 7, 1929, at 11 a. m. while engaged in sweeping with a push broom the track of a turntable at the Williamson yards of defendant, in Mingo County, by slipping on a cross-tie, resulting in tuberculosis of his left hip joint. He was, at the time, eighteen or nineteen years old, weighing 156 pounds. The turntable track, on which he was working, consists of a steel frame, 100 feet in length laid with 94 wood ties, 5 inches apart, and steel rails. Venturino was required, while on duty from 7 a. m. to 3 p. m., to operate the table by an electric device, and keep the track and pit beneath clean. Roy L. Roland and C. R. Varney, who worked during the interim on the second and third shifts, respectively, performed similar duties. Plaintiff claims that in slipping, a decayed rectangular piece of tie about two feet long and two and one-half inches in thickness at the center gave way under his left foot causing his left leg to drop between the ties, severely wrenching his left hip. He continued to work at the turntable until September, 1929, when he was assigned to other duties on the yards, which he performed until November of that year. He was then taken to the hospital of defendant at Roanoke, Virginia, where he remained for treatment until February following. While at the hospital, Venturino signed a writing describing the accident, in which he stated: ''I stepped on a tie that had some grease on it and my leg went in between the ties and I fell heavily

against my hip.'' The statement contains no intimation of a defective tie, as a contributing cause of the accident. He says he told the claim agent at the time of making the statement that the tie had given out. This is denied by the agent, and plaintiff does not pretend that he was misled in signing the statement or that he did not understand its contents. He does not claim to have told any other person, connected with the railroad, about the defective tie except his foreman (who also denies such statement), or to have pointed it out to anyone, although he says it remained in the track after the accident.

Twelve witnesses in the employ of the railroad at the time of and after the accident who often walked the entire length of the track, including Roland, Varney and several inspectors regularly inspecting the same, deny that there was any tie in the track so decayed that it would break or sliver under the weight of a person or that there was in fact any broken or slivered tie therein after the accident. Moreover, the space left between the ties in the construction of the track was ample to admit plaintiff's leg. His version of the accident is apparently inconsistent in that he states, substantially, that he slipped on an unswept tie ahead while sweeping the ties in advance of his step.

In view of all the evidence and circumstances, including the fact that the accident could have occurred in the absence of any defective ties, we are of opinion to sustain the ruling of the trial court. ''When the trial court sets aside a verdict and grants a new trial on conflicting evidence, its opinion is entitled to peculiar respect, and its order will not be reversed in the appellate court, unless plainly wrong. *Reynolds* v. *Tompkins*, 23 W. Va. 229.'' *Haggar* v. *Transport Co.*, 106 W. Va. 522, 146 S. E. 49.

*Affirmed.*