F. G. Davis, *Sheriff, etc., et al. v.* J. K. Staggers *et al.*

(No. 9657)

Submitted April 24, 1945. Decided May 29, 1945.

*Wm. MacDonald,* for plaintiffs in error.
*Ernest A. See* and *H. R. Athey,* for defendants in error.

Lovins, President:

This action was commenced before a justice of the peace of Mineral County by the issuance of a summons which commanded J. K. Staggers, Fannie Shillingburg and Harry Cumberledge to appear before the justice at his office in Keyser, West Virginia, on March 3, 1943, at ten a. m., "to answer complaint of F. G. Davis Sheriff of Mineral County for the use of W. J. Oates agent for himself and Irene Oates in civil action for the recovery of money due on contract, in which the plaintiff will claim judgment

for $300.00 with interest and costs according to law." The summons was addressed to any constable of Mineral County, and according to a notation thereon Pierce Helmick was appointed a special constable. Two purported returns are written on the summons, signed by P. Helmick, Constable of Mineral County, the names of the persons on whom service was made are not shown.

It seems that this action grew out of an attempt by W. J. Oates and Irene Oates to recover rent allegedly due them from J. K. Staggers and Fannie Shillingburg. The record does not disclose what proceedings were had before the justice, nor what judgment, if any, he rendered. Presumably, there was a judgment and an appeal taken to the Circuit Court of Mineral County, but no appeal bond or transcript of the docket entries made by the justice is shown in the record.

Four orders of the Circuit Court of Mineral County are in the record. One order was entered on November 1, 1943, which shows that the trial of the action was continued generally on motion of the defendants because of the illness of Fannie Shillingburg. Another order, entered by the Circuit Court of Mineral County on January 31, 1944, shows an appearance of the parties, impanelling of the jury, introduction of all the evidence of plaintiff and defendants, argument by J. K. Staggers, the return of a verdict against J. K. Staggers, Fannie Shillingburg and Harry Cumberledge in favor of plaintiff in the amount of three hundred dollars, and rendition of judgment in accordance with the verdict. The evidence adduced on the trial in the Circuit Court of Mineral County is not in the record. On the day following the return of the verdict and rendition of the judgment, an order was entered which shows that Cumberledge appeared specially, and filed an original and amended motion to set aside the verdict and dismiss the action for lack of jurisdiction. The written motions assigned several grounds in support thereof. No disposition of the above-mentioned motions was made until August 11, 1944, on which date the Circuit Court of Mineral County entered an order which states by way of recital that this action is founded on a forthcoming bond

executed by Staggers and Shillingburg as principals and by Cumberledge as surety in the amount of three hundred dollars, and that this action came to the trial court by appeal from the judgment of a justice. It further recited that a trial was had as hereinabove indicated; that Cumberledge made no appearance at the trial; and that Cumberledge appeared specially and filed his written plea and amended motion to the jurisdiction of the court. After the recitals aforesaid, the order shows that the court rejected the special plea to the jurisdiction of the court, overruled the motions made by Cumberledge and likewise overruled another motion made by him to set aside the judgment of the court rendered on January 31, 1944. This writ of error was granted on petition of Cumberledge.

We also find in the printed record: (a) A lease agreement signed by W. J. Oates, Irene Oates, J. K. Staggers and Fannie Shillingburg, by which certain premises are leased to Staggers and Shillingburg; (b) an affidavit dated January 12, 1943, signed by W. J. Oates and Irene Oates as the basis for a distress warrant; (c) a distress warrant issued by a justice of the peace of Mineral County directed to F. G. Davis, sheriff, or any constable of that county; (d) the return of the distress warrant signed by F. G. Davis, in which return a paper is incorporated by reference, evidently intended for a forthcoming bond, which bond bears the signatures of J. K. Staggers, Fannie Shillingburg, and Harry Cumberledge; (e) a list of items of rent and costs due, headed "Statement of Account"; and (f) the certificate of the Clerk of the Circuit Court of Mineral County indicating that only such parts of the record as were requested by Cumberledge are certified.

We are mindful that it was held in the case of *Hedrick v. Pack*, 105 W. Va. 540, 143 S. E. 309, that a distress warrant and the affidavit on which it was based were to be considered as pleadings under the provisions of the statute then in force, but since repealed. We also take notice of the cases which hold that for some purposes a forfeited forthcoming bond has some of the attributes of a judgment. Here we have a civil action brought before a

justice of the peace for recovery of money due on contract. There is nothing before us to indicate that the lease, the affidavit, the distress warrant, the return of the officer on the warrant, and the statement of account were relied upon for any purpose other than as items of evidence, and although evidential in character, such writings are not made a part of the record by bill of exceptions. The lease agreement, a portion of the officer's return of the warrant, and statement of account are marked "FILED Apr 7 1943 P. W. Dayton, Clerk." Such indorsement is not sufficient to constitute the instruments, on which they were made, a part of the record. *Penix* v. *Grafton,* 86 W. Va. 278, 103 S. E. 106; Code, 56-6-35. See *Coal Co.* v. *Cecil,* 94 W. Va. 116, 117 S. E. 697. The writings above mentioned are not made a part of the record by a certificate in lieu of a bill of exceptions. Code, 56-6-36. We therefore conclude that the lease agreement, the affidavit, the distress warrant, the return thereon, and the statement of account are not in the record and that such writings cannot be considered on this writ of error.

The elimination of the writings just mentioned leaves as the record to be considered the summons issued by the justice, in so far as it is a pleading, the orders of the Circuit Court of Mineral County, and the written motions filed by Cumberledge.

The summons issued by the justice is a pleading to the extent that it states a cause of action. *O'Connor* v. *Dils,* 43 W. Va. 54, 56, 46 S. E. 185; see *Grant* v. *Wyatt,* 61 W. Va. 133, 135, 56 S. E. 187; *Leachman & Dawkins* v. *Young,* 64 W. Va. 652, 653, 63 S. E. 362. The orders entered by the Circuit Court of Mineral County hereinabove described, as well as the written motions filed by Cumberledge, are properly in the record.

Cumberledge makes numerous assignments relating to the service of process commencing this action, the appeal to the circuit court, and the proceedings had therein after appeal. From what has been said it is obvious that we are restricted in our consideration of the record to the summons issued by the justice considered as a pleading, the

orders of the circuit court and the motions made by Cumberledge. Such parts of the record are not sufficient to enable us properly to decide the questions that arise on the petition for writ of error. Code, 58-5-6.

The writ of error is therefore dismissed as improvidently awarded.

*Writ of error dismissed.*