PAUL ROLLINS

*v.*

LOUIE LOUIS DARABAN, JR.

(No. 11064)

Submitted January 26, 1960.  Decided March 8, 1960.

*Fletcher W. Mann,* for plaintiff in error.

*R. D. Bailey,* for defendant in error.

CALHOUN, JUDGE:

The plaintiff, Paul Rollins, instituted this action in trespass on the case in the Circuit Court of Wyoming

County against Louie Louis Daraban, Jr., to recover damages for personal injuries, including the loss of an arm, sustained by the plaintiff as a result of a collision upon a public highway involving an automobile operated by him and a truck operated by the defendant. To the action of the trial court in setting aside the verdict of a jury rendered on May 16, 1958, in favor of the plaintiff for the sum of $7,500, the plaintiff prosecutes this writ of error.

From the testimony it appears that the collision involving the two motor vehicles occurred at or near a bridge or culvert. W. C. Hersman, a member of the Department of Public Safety, who was called to the scene shortly following the accident, testified: "* * * there was a bridge, a small culvert there where the accident happened."

After the defense rested its case in chief, the plaintiff recalled G. H. Rollins, father of the plaintiff, to the witness stand for further testimony. G. H. Rollins testified that, after the adjournment of court on the preceding day, he visited the scene of the collision and inspected the culvert. The portion of such testimony which has significance in connection with the action of the court in setting aside the verdict is the answer: "Well, it has head walls on both ends of the culvert."

After the trial the defendant obtained affidavits and photographs which were exhibited to the trial court in support of the motion to set aside the verdict. The photographs apparently were of the culvert and of the plaintiff's automobile which had been involved in the collision. It was on the basis of such affidavits and photographs that the verdict was set aside. In the petition and brief filed in this Court on behalf of the plaintiff, it is insisted, first, that the affidavits and photographs were improperly considered by the trial court, because they were never made a part of the record, and, second, that they were in any event insufficient to warrant the trial court's action in setting aside the verdict.

When the verdict of the jury was returned, the defendant by counsel promptly moved the court in arrest of judgment and to set aside the verdict and grant the defendant a new trial. The court order setting forth these proceedings states that the "motions were received by the court and the defendant is granted a period of ninety days from the date of said verdict within which to file his grounds and reasons in support of said motions."

The printed record contains that which appears to be a written statement of grounds assigned by counsel for the defendant in support of the motion to set aside the verdict and grant the defendant a new trial. It bears in the printed record the following caption or designation: "MOTION TO SET ASIDE VERDICT FILED July 28, 1958."

Appearing in the printed record also are two affidavits made by Bud Daniels and James Gibson, respectively, which, along with the photographs, were obviously designed to be and actually were considered by the trial court in support of the motion to set aside the verdict and grant a new trial. The record fails to disclose that either of the affidavits was filed or marked filed, either by the trial court or the clerk thereof.

An order entered by the trial court on September 23, 1958, contains the following language: "And the court having prepared a written memorandum of the reasons of his ruling in setting aside the verdict, on motion of the defendant said written memorandum is ordered made a part of the record in this action." The written opinion of the trial court which was made a part of the record contains the following language:

"Error is assigned from the evidence taken without objection of G. H. Rollins who was recalled to give certain evidence about the existence of concrete head walls on a culvert at the scene of the collision. It is urged that photographs which have been filed and two affidavits which have been filed to the effect that there are no abutments sticking up above the

level of the road are contrary to the evidence given by the said Rollins. There is some ambiguity in this testimony and since the argument of counsel for the plaintiff was not reported, just how this matter was put to the jury in the argument is not subject to strict ascertainment. The pictures and affidavits indicate that there are no head walls extending above the level of the road to any extent, but I am afraid that the evidence and the concluding argument were urged to the jury to the extent that they were of the opinion that said head walls did exist above the level of the road, which in effect would have discredited all of the defendant's evidence in the case."

The affidavits and the photographs, upon which the court relied as a basis for setting aside the verdict, were not formally made a part of the record by a court order, nor have they been made a part of the record before this Court by bill of exception or certificate in lieu thereof. The eminent trial judge in his written opinion makes reference to argument of counsel for the plaintiff dealing with head walls on the bridge or culvert. Such remarks of counsel were not made a part of the record before this Court by bill of exceptions or certificate in lieu thereof. As has been stated, the affidavits were copied in the printed record, but the photographs are not before this Court physically or in any other sense.

Bills of exceptions and certificates in lieu thereof were unknown to the common law and are wholly creatures of statute. Burks Pleading and Practice (4th Ed.) page 539, Section 301. Code, 56-6-35, dealing with bills of exceptions, provides that a party "may avail himself of *any error appearing on the record,* by which he is prejudiced, without obtaining a formal bill of exceptions, provided he objects or excepts on the record to the action of the court complained of, and provided it is such a matter as can be considered without a formal bill of exceptions." (Italics supplied.) "The purpose of a bill of exceptions is to exhibit on the record the supposed mistakes of the trial court which do not appear on the record and could not otherwise be brought before an appellate

court for review and correction if erroneous." *Hinton Milling Co. v. New River Milling Co.,* 78 W. Va. 314, syl. 4, 88 S. E. 1079; *Penix v. Grafton,* 86 W. Va. 278, syl. 1, 103 S. E. 106. Code, 56-6-36, provides for certificate in the form therein prescribed "in lieu of" a bill of exceptions.

It is not necessary to detail what is embraced in the "record" under the law of this State, except to state that the record itself does not include photographs, the written opinion of the trial court, oral arguments of counsel, written grounds assigned in support of a motion to set aside a verdict, nor even the testimony itself, unless made a part of the record by one of the methods prescribed by law. Burks Pleading & Practice (4th Ed.), Section 301, page 539. Instructions given and refused may be made a part of the record by proper notations appearing over the signature of the trial judge. Code, 56-6-20. The writ or process commencing an action at law or suit in equity is a part of the record. Code, 56-3-32. Affidavits, including affidavits urged in support of a motion to set aside a verdict and grant a new trial, are not a part of the record. *State v. Jones,* 128 W. Va. 496, syl. 2, 37 S. E. 2d 103; *Snodgrass v. Charleston NuGrape Co., Inc.,* 113 W. Va. 748, syl. 3, 169 S. E. 406; *Townley Bros. v. Crickenberger,* 64 W. Va. 379, syl. 4, 63 S. E. 320; 4A C.J.S., Appeal & Error, Section 773, page 636. "The mere filing of papers does not make them a part of the record. The rule book and the order book are the proper sources of information as to what constitutes the record." Burks Pleading & Practice, (4th Ed.), Section 425, page 824. "Nothing else that transpired during the trial in the court below will be considered a part of the record in the appellate court, *unless made so by a bill of exceptions or order of the court;* * * *." (Italics supplied.) 1 M. J., Appeal and Error, Section 170, page 609.

While the trial court's written opinion may be made a part of the record by court order, when such is

done it operates merely "to point out the specific ground on which the trial court acted." *Woodruff v. Gilliam,* 116 W. Va. 101, 109, 179 S. E. 873; *Robertson v. Vandergrift,* 119 W. Va. 219, 193 S. E. 62; *Wilson v. Hix,* 136 W. Va. 59, 73, 65 S. E. 2d 717, 726; *Cottle v. Cottle,* 129 W. Va. 344, syl. 5, 40 S. E. 2d 863.

The appellant takes the position that since the affidavits and photographs were not made a part of the record, this Court must hold that the trial court's action in setting aside the verdict was not justified. We regard this as a misconception of the law. *Robertson v. Harmon,* 47 W. Va. 500, syl. 2, 35 S. E. 832. There is always a presumption of regularity in all judicial proceedings. *McClure-Mabie Lumber Co. v. Brooks,* 46 W. Va. 732, syl. 5, 34 S. E. 921; *Richardson v. Donehoo,* 16 W. Va. 685, syl. 14; *Shrewsbury v. Miller,* 10 W. Va. 115, syl. 2. "Error must be shown by him who asserts irregularity." *State v. Cooper,* 74 W. Va. 472, 475, 82 S. E. 358, 359. See also, *Forest Glen Land Co. v. George,* 96 W. Va. 209, syl. 2, 122 S. E. 543; *Furbee v. Shay,* 46 W. Va. 736, syl. 2, 34 S. E. 746; *Griffith v. Corrothers,* 42 W. Va. 59, syl. 2, 24 S. E. 569. The presumption of regularity obtains when the record is silent. Alleged error "must be affirmatively shown by the record." *State v. Beatty,* 51 W. Va. 232, syl. 4 and 5, 41 S. E. 434; *State v. Joe,* 105 W. Va. 281, 283, 142 S. E. 250, 251; *Cave v. Blair Limestone Co.,* 74 W. Va. 752, syl. 1, 82 S. E. 1095; *Teter v. Franklin Fire Ins. Co.,* 74 W. Va. 344, syl. 12, 82 S. E. 40; *Scott v. Newell,* 69 W. Va. 118, syl. 4, 70 S. E. 1092; *Cox v. National Coal & Oil Investment Co.,* 61 W. Va. 291, syl. 13, 56 S. E. 494; *State v. Henry,* 51 W. Va. 283, syl. 7, 41 S. E. 439; *McGraw v. Roller,* 47 W. Va. 650, syl., 35 S. E. 822; *Griffith v. Corrothers,* 42 W. Va. 59, syl. 3, 24 S. E. 569; *Webb v. Bailey,* 41 W. Va. 463, syl. 4, 23 S. E. 644; *Miller v. Rose,* 21 W. Va. 291, syl. 1. "The presumption of law is in favor of the correctness of the judgment of the lower court, and this Court will not reverse unless error affirmatively appears by the record." *Scott*

*v. Newell,* 69 W. Va. 118, syl. 4, 70 S. E. 1092. See also *State v. Ice,* 34 W. Va. 244, syl. 4, 12 S. E. 695; *State v. Lavin,* 64 W. Va. 26, syl. 2, 60 S. E. 888; 1 M. J., Appeal and Error, Section 258, page 675. "Where the record is so imperfect as not to disclose error in a judgment, it is presumed to be right, and on writ of error will be affirmed." *National Cash Register Co. v. Union Bargain House,* 55 W. Va. 489, syl., 47 S. E. 287; *Davis v. Staggers,* 127 W. Va. 699, 34 S. E. 2d 264. "The burden which is cast upon the appellant in the appellate court is not merely to lodge a doubt, but to satisfy the court of the error assigned." 1 M. J., Appeal and Error, Section 259, page 677.

From the foregoing it is obvious that the burden is on the appellant to produce before this Court a record sufficient to disclose to the Court affirmatively that error was committed by the trial court in its action in setting aside the verdict. The affidavits, the photographs and the written assignments of error in support of the motion to set aside the verdict were properly before the trial court, but they have not been made a part of the record before this Court. The burden is not on the appellee, the defendant below, to make the appellant's record for him. If the record is not sufficient to afford an appraisal of the trial court's action in setting aside the verdict, this Court must presume that the action of the trial court in this respect was correct and legally justified. In the case of *Ward v. County Court of Raleigh County,* 141 W. Va. 730, 734, 93 S. E. 2d 44, 46, the Court stated: "Certain questions are attempted to be raised as to the actions of the trial court relating to the setting aside of the verdict of the jury. Since a consideration of such questions depends on the evidence taken at the trial before the jury, which evidence has not been made part of the record before this Court by any bill of exceptions, such questions cannot now be considered. As to such questions, we must assume that the action of the trial court was correct." In the

case of *Sanders v. Wise,* 74 W. Va. 797, 83 S. E. 77, a verdict for the defendant was rendered in 1909, a motion to set aside such verdict was made promptly but not acted upon until 1913, at which time the trial judge set aside the verdict, assigning as his sole reason for so doing his failure "to find anything in the record as to what the evidence was before the jury." Upon writ of error, this Court, in reversing the trial court, stated: "As the defendant could rest contented upon the finding in his favor, the duty devolved on plaintiff, whose motion, though promptly made, the court four years later sustained, to preserve the testimony, or to show in what respects the effort, if made, would have been unavailing; and he can not now complain that plaintiffs in error have failed to produce the testimony." "A bill of exceptions or certificate in lieu thereof, in accordance with Code, 56-6-36 (e) is necessary to give this Court *jurisdiction* to consider the matters which must be made a part of the record by proper bill of exceptions or certificate in lieu thereof." (Italics supplied.) *Davis v. Phillips,* 140 W. Va. 280, 283, 83 S. E. 2d 699, 700. In the case of *Smith v. Withrow,* 129 Va. 668, 106 S. E. 694, the Court held: "In the absence of the affidavits upon which the trial court relied when it set aside the verdict of the jury, this court must presume that such action was correct, and the verdict properly set aside." See also 4A C.J.S., Appeal & Error, Section 1199, pages 1321-1322.

It is clear that the factual situation upon the basis of which the trial court set aside the verdict of the jury has not been made a part of the record. Included in this category are the affidavits, the photographs, and the written assignments of error urged in support of the motion to set aside the verdict. It is true that the trial judge's written opinion, which was made a part of the record, makes reference to at least some of the photographs, to at least some of the assignments of error, and to at least some of the affidavits which were before the trial court.

It is true also that this Court may look to the trial court's opinion under such circumstances for the limited purpose of determining the reasons for the trial court's action. But it can not be contended seriously that such documents were thereby made a part of the record before this Court. Nor are we warranted in assuming either that the trial court's opinion sets forth the full contents of the affidavits, or all of them, that it refers to all the photographs, or that the trial court, upon the showing thereby made, adopted the most plausible basis urged for setting aside the verdict. In the third point of the syllabus of the case of *Shrewsbury v. Miller,* 10 W. Va. 115, the Court stated: "It makes no difference upon what ground the court below decided the case, or the particular matter complained of, it is not the reasons assigned upon which the court decided a question that is to be reviewed, but the action of the court itself; and the question always in the appellate court is, whether the judgment to be reviewed is correct." In *Dunn's Ex'rs v. Renick,* 40 W. Va. 349, 361, 22 S. E. 66, 70, it is stated that "the action of a court may be stated to be on an insufficient reason, and yet be right for a different reason." See also *Henry v. Ohio River Railroad Co.,* 40 W. Va. 234, 246, 21 S. E. 863, 868; *Riggs v. Huffman,* 33 W. Va. 426, 430, 10 S. E. 795, 796-7.

The case of *Westover Volunteer Fire Department v. Barker,* 142 W. Va. 404, 95 S. E. 2d 807, involved a proceeding under Code, 55-4, to determine a disputed boundary. The case was heard by the court in lieu of a jury. From the written opinion of the trial court, which was made a part of the record, it appeared that the trial judge on his own initiative had taken a view of the premises, and based the trial court's findings on facts disclosed to him by such view. This Court discerned this situation from the trial court's opinion and held that such view was not legally warranted. But that is a quite different situation from the one here presented. In the case cited, this Court was justified, under its prior decisions,

in looking to the trial judge's written opinion to determine the reasons for the trial court's findings and thereby it was determined by this Court that, as a *legal proposition,* the trial court was not warranted in taking a view of the premises under the circumstances of that case. But in the instant case, on the other hand, this Court can not determine whether the trial court was warranted in setting aside the jury verdict without a resort to the *factual* situation which formed the basis of the trial court's action, and such factual situation is not presented by the record before the Court. One thing which appears affirmatively and unmistakably from the trial court's opinion is that it was based on matters which are not a part of the record before this Court.

It is fundamental that the judgment of the trial court in setting aside a verdict and awarding a new trial is entitled to peculiar weight and that its action in this respect will not be disturbed on appeal unless plainly unwarranted. *McClaugherty v. Traction Co.,* 123 W. Va. 112, syl. 1, 14 S. E. 2d 432; *Rucker v. Fire Association of Philadelphia,* 120 W. Va. 63, 196 S. E. 494, 498; *Ware v. Hays,* 119 W. Va. 585, 589, 195 S. E. 265, 267; *Venturino v. Norfolk & Western Railway Co.,* 113 W. Va. 341, 167 S. E. 868. "In addition to erroneous rulings in a trial, or weakness of evidence, relied upon in a motion for a new trial, there is discretion in the trial judge, founded upon impressions derived from his observations in the course of the trial which he may exercise in resolving any doubt he may have, as to the proper disposition of the motion, wherefore his award of a new trial, based upon his opinion as to the sufficiency of the ground of the motion therefor, is entitled to peculiar respect in the appellate court." *Ross v. Lake & Export Coal Corporation,* 92 W. Va. 229, syl. 4, 116 S. E. 155. See also *Vaughan v. Memorial Hospital,* 103 W. Va. 156, 136 S. E. 837.

The burden was upon the appellant to present a record disclosing the factual situation urged in the

trial court in support of the motion to set aside the verdict. In the absence thereof, this Court must presume that the showing made in this respect was sufficient to justify the action of the trial court in setting aside the verdict of the jury and in awarding a new trial, either upon the ground assigned by the trial court for so doing, or upon another basis disclosed from such factual situation.

For the reasons stated herein, the judgment of the Circuit Court of Wyoming County is affirmed.

*Affirmed.*

BERRY, JUDGE, dissenting:

I vigorously dissent from the decision of the majority of the Court in this case which affirms the order of the trial court in setting aside the verdict of the jury and awarding the defendant a new trial for the reason that it constitutes a manifest injustice to the plaintiff.

A jury trial of this case was held in the trial court and the jury returned a verdict in favor of the plaintiff in the amount of $7,500.00. A motion was made by the defendant immediately following the return of the verdict to set aside the verdict of the jury. Five months later the trial court sustained the motion of the defendant and set aside the verdict of the jury, this action being based solely upon matters presented to the trial court over two months after the trial had been completed and the verdict of the jury returned. The matters consisted of affidavits and photographs tending to contradict the testimony of a witness used by the plaintiff in rebuttal. These affidavits and photographs were not made a part of the record by the defendant below. The trial court gave its reasons in a written opinion, which was made a part of the record by an order of the court, and the reasons in the trial court's opinion for setting aside the verdict are as follows:

"There is some ambiguity in this testimony and since the argument of counsel for the plaintiff was

> not reported, just how this matter was put to the jury in the argument is not subject to strict ascertainment. The pictures and affidavits indicate that there are no head walls extending above the level of the road to any extent, but I am afraid that the evidence and the concluding argument were urged to the jury to the extent that they were of the opinion that the said head walls did exist above the level of the road, which in effect would have discredited all of the defendant's evidence in the case."

The plaintiff's bill of exception contained all orders and pleadings in the case except the plaintiff's declaration, the court's opinion, including the entire transcript of the evidence in the case taken by the court reporter during the trial, exhibits, and instructions given and refused on behalf of both defendant and plaintiff, and all matters which were properly made a part of the record in this case.

The record of the trial of this case indicates that no error was committed during the trial of the case, but the trial court, nevertheless, set aside the verdict, because he was afraid that the evidence of one of the witnesses and the concluding argument by counsel for the plaintiff, which was not reported and he did not remember, may have discredited the defendant's evidence. The credibility of a witness who testifies in any trial before a jury is solely a matter for jury determination. 20 M.J., Witnesses, §74, page 535; *Bank v. Hannaman*, 63 W.Va. 358, 60 S.E. 242; *Crowl v. Railroad Co.*, 92 W.Va. 188, 114 S.E. 521; *State v. Cirullo*, 142 W. Va. 56, 93 S.E.2d 535.

Counsel for the plaintiff could not have obtained his argument to the jury because he did not object to the argument he was making, and it was the duty of the defendant to object to such argument if it was to be relied upon as error to support a motion to set aside the verdict. This was not done and it could not be properly considered by the trial court or by this Court. See *Icy Smith, Committee, etc. v. Penn Line Service, Inc.*, 145 W. Va. 1, 113 S.E.2d 505, and cases cited therein, decided by this Court January 19, 1960.

The affidavits and photographs were not made a part of the record, and even if they had been, the record could not have been made in that manner. See *Snodgrass v. NuGrape Co.*, 113 W.Va. 748, 169 S.E. 406; *Woodruff v. Gilliam*, 116 W.Va. 101, 179 S. E. 873. The case of *Sanders v. Wise*, 74 W.Va. 797, 83 S.E. 77, cited in the majority opinion as authority to support the trial court's action, holds just the opposite for what it is cited. In that case, the trial court set aside a verdict returned by the jury because the court was not sure what occurred during the trial and there was no record furnished by either party with regard to what transpired during the trial. This Court reversed the judgment of the trial court in setting aside the verdict and reinstated the verdict of the jury. The very question involved in this case is clearly answered in the case of *Woodruff v. Gilliam*, 116 W.Va. 101, 107, 179 S.E. 873, wherein this Court stated: "In other words, the defendant in error takes the position that in order to reverse the action of the trial court in setting aside the verdict, the plaintiff in error must bring all of the record here that is necessary to show that the verdict was justified upon every ground assigned by the defendant below as reason for setting it aside. We do not believe that that is the law of this state. In the case of *Sanders v. Wise*, 74 W.Va. 797, 83 S.E. 77, L.R.A. 1915B, 353, the trial court had set aside a verdict in favor of a defendant upon the motion of the plaintiff, and the reason for that action assigned in the order was that the court could not find anything in the record as to what the evidence was before the jury. The transcript of the evidence had become lost. Upon writ of error, this court held that it was reversible error to set aside the verdict upon the ground stated, re-instated the verdict and rendered judgment here."

In the case of *Henderson v. Hazlett*, 75 W.Va. 255, 262, 83 S.E. 907, it was held that: "The court is not authorized to interfere with the verdict of a jury fairly rendered upon a mere conjecture or belief that injustice may, in its opinion, have been done."

192

The court's written opinion was made a part of the record in this case, is before this Court for consideration and we can look to the trial court's opinion to ascertain the grounds upon which the trial court set the verdict aside. *Woodruff v. Gilliam, supra; Westover Fire Dept. v. Barker,* 142 W.Va. 404, 95 S.E.2d 807; *Gray v. Wright,* 142 W.Va. 490, 96 S.E.2d 671. In the *Woodruff* case, in connection with an opinion of the trial court made a part of the record, this Court stated: "Here, since the opinion of the trial court, having been made a part of the record, operated to point out the specific ground on which the trial court acted in setting aside the verdict, and since it was the privilege of the plaintiff in error to bring to this Court only such parts of the record as would enable us to review the action of the trial court upon the specific ground assigned by it for that action, which we are of opinion he has adequately done, it follows that the motion of the defendant in error to dismiss the writ of error because the record brought here is insufficient must be overruled." In the *Westover* case the trial court made its written opinion a part of the record showing the reason for the court's action. This court held that the action of the trial court, as shown in its written opinion, was error, and set aside the judgment of the trial court for that reason. In the case at bar, we have the written opinion made a part of the record and can clearly see that the reasons given by the trial court, as stated in its opinion, do not justify the action of the court in setting aside the verdict. That action is palpably erroneous and is contrary to a heretofore unbroken line of decisions of this Court. If a trial court, as here, is permitted to set aside a verdict, which is fully sustained by the evidence, on the basis of facts which were not introduced in evidence, were not made a part of the record, and for those reasons should not have been considered by the trial court, no verdict, however regular or just it may be, can be protected or rendered invulnerable from such erroneous and unwarranted action. This Court has held in *Townley Bros. v. Crickenberger,* 64

W.Va. 379, 63 S.E. 320, that in order that any matter may be considered in an appellate court, such matter should be presented by motion and made a part of the record.

Even if all of the affidavits, photographs and arguments before the jury were properly brought before this Court, they do not constitute proper grounds for setting aside the verdict, because such evidence could have been obtained before or during the trial, and even if that had been done, there was nothing to show that such evidence would produce an opposite result. At most, it could have been used merely to discredit or impeach witnesses on the opposite side. *Cremeans v. Myers,* 136 W.Va. 157, 67 S.E.2d 28; *State v. Farley,* 143 W.Va. 445, 104 S.E.2d 265, and cases cited therein.

In the case of *Watkins v. B. & O. R.R.,* 130 W.Va. 268, 43 S.E.2d 219, in connection with a somewhat similar situation, this Court said: "We have stated the facts in this opinion for the purpose of showing that the verdict returned by the jury was sustained by the evidence. On insufficient proof in support thereof, the trial court sustained the motion to set aside the verdict. Having thus deprived defendants of a verdict properly returned, we hold that the defendants are entitled to have the verdict reinstated by this Court, which is accordingly done."

Though the points of the syllabus contain correct statements of abstract legal principles, such statements are clearly inapplicable to the factual situation concerning the contents of the record in this action. For that reason the legal principles contained in the points of the syllabus do not affect and should not control the decision in this case.

For the cogent reasons stated herein, and in order to conform to the prior decisions of this Court in cases of this kind, I would reverse the judgment of the trial court in setting aside the verdict of the jury and reinstate said verdict.

I am authorized to say that Judge Haymond concurs in the views expressed in this opinion.